No. 13,729.

City and County of Denver *v.* Schmid.

(52 P. [2d] 388)

Decided November 25, 1935.

Mr. James D. Parriott, Mr. Teller Ammons, Mr. Frank L. Hays, Mr. Horace N. Hawkins, of counsel, for plaintiff in error.

Mr. Paul F. Irey, Mr. Homer S. McMillin, for defendant in error.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

These parties are hereinafter referred to as Schmid and the city respectively.

Schmid was charged with violation of a city ordinance,

tried in the municipal court and convicted. He thereupon appealed to the county court where, at the close of the city's case, defendant moved for dismissal on eleven grounds. The motion was sustained and to review the judgment thereupon entered accordingly the city prosecutes this writ.

Three errors are assigned: (1) The sustaining of the motion; (2) the discharging of the defendant; (3) entering judgment for defendant. That the last two are so clearly without our rules as to require no consideration is too apparent for discussion. *Ohio Casualty Co. v. Colo. Portland Cement Co.,* 97 Colo. 541, 51 P. (2d) 591.

In view of the common knowledge that notwithstanding the county court's holding that the ordinance was void the city is still attempting its enforcement, although it has virtually abandoned this cause by its failure to file a reply brief, the court has deemed it advisable of its own motion to take up the consideration out of order. It was accordingly assigned to the writer November 18.

The ordinance in question was passed by the city in 1934. It provides that no barbershop shall be open on Sundays or holidays, or between the hours of 6 p. m. and 8 a. m., from which prohibition "beauty parlors," as defined by another ordinance, are expressly excluded. This ordinance follows a preamble which declares, in the opinion of the city council, "It is necessary and desirable for the immediate preservation of the public health, welfare and safety, that provision be made by ordinance that barbershops and barber schools shall not remain open or operate during the time when inspectors of the State Barbers' Board are not on duty." The city's case consisted of the introduction in evidence of the ordinance in question, a section of the city charter, and a stipulation setting forth, inter alia, that Schmid operated a barbershop in the city and did not close at 6 o'clock on the day in question as commanded by the ordinance. The motion for dismissal set forth that the passage of the ordinance was beyond the powers of the municipality; that it was

unreasonable, discriminatory and oppressive; that it tended to create a monopoly; that if applicable its subject matter was not expressed in its title; and that it violated section 25 of article II of the state Constitution and the Fourteenth Amendment of the Federal Constitution.

Our consideration of the error assigned is happily and properly limited by the following statements in the city's brief: "The courts may, of course, hold invalid ordinances which are arbitrarily unreasonable." "Of course, if the council should pass an ordinance which is unreasonably arbitrary in providing for the cessation of labor, the courts will hold such ordinance invalid."

The city maintains that the question is decided in its favor in *McClelland v. Denver,* 36 Colo. 486, 86 Pac. 126, and says: "Decisions of other states are to the contrary. In other words, opinion outside of Colorado is divided." In our judgment neither the point decided in the McClelland case nor the reasons assigned therein support the position of the city here. The question there was the validity of an ordinance closing barbershops on Sunday, and the court's conclusion that the ordinance was valid rests upon all the authorities and reasoning upholding Sunday closing legislation. It requires no further consideration.

That this ordinance is unreasonably arbitrary appears to us self-evident. It is not a limitation of hours of labor, since these shops may and often do run in shifts. The hours might be much briefer and yet so divided as to violate the act. It does not apply to a particular trade or occupation because it is common knowledge that much of the work of barbershops is also performed in beauty parlors which are expressly excepted. The council has specifically declared, not that its purpose was to limit hours of labor or control a business for the benefit of the public, but to prevent the operation of barbershops "when inspectors of the State Barbers' Board are not on duty." In many cities they are not on duty during long

periods of time and the power to enact this ordinance would enable such municipalities to close all barbershops permanently. Moreover, annual inspection only is mandatory. S. L. '29, p. 210, c. 64, §12.

Our conclusions are supported by many authorities, including the following: *State ex rel. Newman v. City of Laramie,* 40 Wyo. 74, 275 Pac. 106; *Patton v. City of Bellingham,* 179 Wash. 566, 38 P. (2d) 364; *Ernesti v. City of Grand Island,* 125 Neb. 688, 251 N. W. 899.

The judgment is accordingly affirmed.

MR. JUSTICE HILLIARD and MR. JUSTICE BOUCK dissent.