No. 21514.

CHARLES F. HALE AND WILLIAM D. COX, INDIVIDUALLY, AND AS CO-PARTNERSHIP D/B/A SURPLUS TOOLS AND COMMODITIES COMPANY, ET AL. *v.* THE CITY AND COUNTY OF DENVER, ET AL.
(411 P.2d 332)

Decided February 28, 1966.

COLE and MALEY, a Professional Company, ROBERT A. SCHIFF, for plaintiffs in error.

MAX P. ZALL, City Attorney, EARL T. THRASHER, Assistant, ROBERT M. KELLY, Assistant, for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE refer to plaintiffs in error as the plaintiffs or by name, and to defendants in error as the defendants or Denver.

Plaintiffs Hale and Cox are the owners of Lots 42 and 46, Block 13, Valverde, in the City and County of Denver which they purchased in January of 1956. They erected thereon a store building, setting the front of it back from the lot line a distance of about six feet. Plaintiff Surplus Tools and Commodities, Inc., is a Colorado corporation owned and controlled by the plaintiffs Hale and Cox. That corporation is the lessee of the premises above described on which it operates a retail trading business which is advertised as a "Surplus Store." The line of merchandise handled includes such articles as tools, garden implements, automobile tires, lubricants,

and a wide variety of other items. It was the custom of the lessee to display its merchandise from time to time outside the confines of the enclosed storeroom, usually in the area directly in front of the building. The real estate thus used by defendants is within an area which has been zoned by Denver as a "B-4" district.

In their complaint the plaintiffs alleged that they were ordered by the Zoning Administrator of Denver to discontinue the open display of merchandise in front of their building on the ground that such conduct violated Section 612.9-2(1) of the Zoning Ordinance of the City and County of Denver, which reads as follows:

"Every use, unless expressly exempted by this ordinance, shall be operated in its entirety within a completely enclosed structure; the exemption of a use from the requirement of enclosure will be indicated by the phrase 'need not be enclosed' appearing after any use exempted."

Section 612.9-3(1) of the ordinance lists the following as exempt from the requirement: Auto sales or repair, filling stations, boat sales or repair, eating place, fruit store, garden supplies store, newsstand, parking and/or commercial storage of vehicles, railway right-of-way, swimming pool, vegetable store, monuments and tombstones.

The plaintiffs alleged that this section of the Zoning Ordinance, upon which the Zoning Administrator's order was based, is unconstitutional and invalid as applied to them as being in violation of the Constitution of the State of Colorado and the Fourteenth Amendment to the Constitution of the United States, both of which require due process of law; the latter also guaranteeing the citizen "the equal protection of the laws." The plaintiffs further alleged that this section is unconstitutional as being unreasonable, arbitrary and discriminatory in that the exceptions to the requirement for enclosure are made and granted to similar types of businesses without any legal justification for such special classification.

Plaintiffs prayed that the above zoning ordinances be declared invalid and unconstitutional as applied to them. The trial court entered judgment upholding the ordinances and the plaintiffs seek reversal by writ of error.

It is undisputed that plaintiffs, from the beginning of their business and at all times since occupying the premises, have handled all kinds of automotive supplies and automotive parts, all kinds of hardware, and all kinds of garden supplies. It is a matter of common knowledge that filling stations handle automotive supplies and parts; that garden supply stores handle many items of hardware such as wheelbarrows, rakes, shovels, lawn mowers; also fertilizers, garden and lawn seeds, sprays and sprayer equipment; and a host of other articles of merchandise. There is likewise undisputed evidence that filling stations and auto sales and repair shops handle and display many items of a similar nature to those handled by the plaintiffs.

In *City and County of Denver v. Schmid,* 98 Colo. 32, 52 P.2d 388, this court struck down a city ordinance providing that no barbershop shall be open on Sundays or holidays, or between the hours of 6 p.m. and 8 a.m. However, this ordinance excepted from the coverage "beauty parlors," as defined by another ordinance. In that case, this court said:

"That this ordinance is unreasonably arbitrary appears to us self-evident. It is not a limitation of hours of labor, since these shops may and often do run in shifts. The hours might be much briefer and yet so divided as to violate the act. It does not apply to a particular trade or occupation because it is common knowledge that much of the work of barbershops is also performed in beauty parlors which are expressly excepted. * * *"

In *Allen v. City of Colorado Springs,* 101 Colo. 498, 75 P.2d 141, this court struck down an ordinance as unconstitutional which provided:

"It shall be unlawful for any person, firm, association

or corporation to keep open or to cause any person to keep open any store for the sale of merchandise on Sunday, except when required by necessity; but nothing in this section shall prohibit any person, firm, association or corporation from keeping open for the legitimate and orderly transaction of business any hotel, restaurant, boarding house, bath house, confectionery, retail drug store, livery stable or garage or prevent the sale or delivery of milk, cream, ice cream, fresh fruits, bakery articles, prepared tobacco or papers on Sunday."

It had been stipulated,

"That at the time alleged the defendant conducted a grocery store in the City of Colorado Springs, and on the day alleged, which day was Sunday, sold in the usual course of his business certain staple groceries which were not required by necessity, except as all groceries and the sale thereof are required by necessity"; and,

"That at the same time, retail drug stores in the city, in the usual course of their trade, sold on Sundays and other days, such items as soaps, flavoring extracts, teas, coffees, spices and similar products usually carried by retail grocery stores."

 This court recognized the right of the city, by general ordinance, to prohibit the carrying on of business in certain areas on Sunday. However, the opinion contains the following pertinent language:

"* * * It is equally certain, however, that if in its operation an ordinance so adopted is discriminatory or amounts to class or special legislation, irrespective of the purpose for which it is passed, it is the duty of a court to relieve from its illegal effect."

Display of merchandise offered for sale by a dealer is an important part of the business operation. Dealing in and selling of harmless merchandise, in a manner which poses no danger to the public in any area authorizing an exercise of the police power, is a natural and constitutional right.

346

■■ Enforcement of the ordinance (Section 612.9-2 (1)) purporting to require the plaintiffs to conduct their business "* * * in its entirety within a completely enclosed structure," under the undisputed facts of this case would result in an arbitrary and unconstitutional discrimination against them in favor of others engaged in handling the same or similar merchandise. In *McCarty v. Goldstein*, 151 Colo. 154, 376 P.2d 691, we approved the test laid down in *Champlin Refining Company v. Cruse, Director of Revenue*, 115 Colo. 329, 173 P.2d 213, by which we determined whether a denial of equal protection of the law has been shown. The test we approved is stated as follows:

"Equal protection in its guaranty of like treatment to all similarly situated permits classification which is reasonable and not arbitrary and which is based upon substantial differences having a reasonable relation to the objects or persons dealt with and to the public purpose sought to be achieved by the legislation involved."

■ We therefore hold that the exclusion of plaintiffs' business from the classification of those exempted from the operation of the ordinance is unreasonable, arbitrary, and not "based upon substantial differences having a reasonable relation to the objects or persons dealt with and to the public purpose sought to be achieved by the legislation involved."

The judgment is reversed and the cause remanded with directions to grant the relief prayed for by the plaintiffs.