No. 21271.

CARL A. ROEDER v. MARTIN P. MILLER, DISTRICT ATTORNEY IN AND FOR THE EIGHTEENTH JUDICIAL DISTRICT, STATE OF COLORADO.
(412 P.2d 219)

Decided March 21, 1966.

George G. Christiansen, for plaintiff in error.

Martin P. Miller, pro se, and Harry E. Carleno, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE SUTTON delivered the opinion of the Court.

WE shall refer to Carl A. Roeder, who was defendant in the trial court either by name or as the defendant, and to the defendant in error Miller as the District Attorney.

The issue presented for our determination is whether the Arapahoe County Zoning Resolution was so arbitrary and unreasonable, when applied to Roeder, as to render it unconstitutional in its application.

The basic facts are not in dispute. On August 11, 1956, Roeder, without checking to determine the zoning in effect, purchased from Ruth and Helen Kennedy, Tract One and Tract Eight of the East Half of the East Half of the Northeast Quarter of Section 30, Township 4 South, Range 66 West, Arapahoe County, Colorado. This area was also known as "Kennedy Heights." In the year preceding this transaction, the Board of County Commissioners of Arapahoe County had approved a change in the zoning designation of Kennedy Heights from an A-3 Farm Residence District, as was then provided for by the ordinance, to an A-2 Farm Residence District.

After his purchase of the land, Roeder began, almost immediately, to move junk automobiles onto the property. Commencing in 1959, he also used part of the land for residential purposes. Sometime during 1958, after having received a Notice of Unauthorized Use from the County, defendant filed an application with the Arapahoe County Planning Commission. Therein he requested that the zoning of his land be changed to allow the property to be used as an automobile wrecking yard. This request was denied on August 19, 1958. Roeder, however, continued his operation. He disassembled stored junk automobiles; sold certain parts to garages; and transported the scrap to a steel compressing company. As of the date of the trial, defendant had ap-

proximately 100 automobiles stored on his five acres of land.

On October 31, 1963, the District Attorney filed a complaint against Roeder pursuant to C.R.S. '53, 106-2-24. He moved for both a preliminary and permanent injunction against the continued use by the defendant of the land as an automobile junkyard on the basis that such usage constituted a violation of the county's zoning resolution. Issue was joined when the defendant filed his answer on January 10, 1964. Thereafter, following a hearing, the court granted the motion for a preliminary injunction, adding the provision that, in addition to a 10 day stay of execution, the defendant was given 6 months to clean up the property. The necessity of filing a motion for a new trial was dispensed with. On July 28, 1964, the defendant filed his application for supersedeas with this court.

Roeder urges that in four respects the zoning resolution in question is unconstitutional as it is applied to him. First, he asserts that the ordinance is unfair and discriminatory in that it contains categories and classifications which are vague, unclear and confiscatory; second, he urges that his property is not susceptible to any use listed for his zoned area; third, he claims that the ordinance bears no relation to a legitimate exercise of the police power; and, fourth, he asserts that others in the area are permitted uses more objectionable than his, and that it is discriminatory to let such condition exist and to apply the law to him and not to them.

The A-2 regulation in effect when defendant acquired his land provided in pertinent part the following permitted uses:

"* * *

"1. Any use permitted in R Districts.

"2. All customary farming operations, live stock raising and fattening, dairy farms, greenhouses, nurseries.

"3. Cemeteries.

"4. Riding academies, racing stables, commercial stables and polo fields.

"5. Hospitals, sanitoriums, institutions of an educational, philanthropic or eleemosynary nature, when set back not less than one hundred (100) feet from all lot lines.

"6. Fur farms, when set back not less than two hundred and fifty (250) feet from all lot lines.

"7. Auction yards, when fully enclosed by walls or solid fences 6 feet high with a set back of not less than one hundred (100) feet, provided approval for said auction yard be granted by the Board of Adjustment of the County of Arapahoe.

"8. Radio stations and airports.

"9. Mining and prospecting, gravel pits, and brick yards only when and where approval for same be granted by the combined action of the Arapahoe County Board of Adjustment and the Board of County Commissioners of Arapahoe County.

"Height, Rear Yard, Side Yard, Setback: Same as for A 1."

We note that defendant's type of operation was only permitted, under the resolution then in effect, in the "M Industrial District"; and, further, that the uses then permitted in A-2 and A-3 Districts were identical, with the principal difference in the two districts being in the tract size permitted. We also observe that since August 11, 1956, Arapahoe County amended its ordinance on August 20, 1956, and on August 7, 1961 adopted a new zoning resolution. For the purposes of this opinion, however, we need not determine the validity of the changes made since August 11, 1956, since the type of use involved here is still prohibited in the subject area.

The rule in Colorado is clear that where a zoning ordinance is attacked on the basis that the zoned land in dispute is not susceptible to any reasonable or lawful use under the ordinance, or, that the restrictions

are unconstitutional as being violative of due process, the landowner must establish such facts by clear and convincing evidence. *Denver v. American Oil Co.*, 150 Colo. 341, 344, 374 P.2d 357 (1962); *Baum v. Denver*, 147 Colo. 104, 111, 363 P.2d 688 (1961). Here the record reveals that Roeder failed to carry his burden of proof in this regard.

■■ It is not a judicial function to determine what uses are to be permitted in various districts under comprehensive zoning ordinances. Such a function is a legislative prerogative, and the courts will not interfere with it unless there is clear and convincing evidence that either the ordinance is unconstitutional [*Littleton v. Quelland*, 153 Colo. 515, 517, 387 P.2d 29 (1963)] or that it is being applied in a discriminatory fashion. [*Hale v. Denver*, 159 Colo. 341, 411 P.2d 332 (1966)].

■■ In the instant case we cannot say, as a matter of law, that the uses permitted in the A-2 District were then similar to an automobile junkyard so that discrimination existed. Nor can we say, as a matter of law, that the uses permitted are arbitrary, illogical, vague, unclear, confiscatory or violative of due process of law, so as to render the ordinance itself unconstitutional. The mere fact that Roeder's business is not permitted in the zone wherein it lies, gives him no basis to complain. (See: *Denver v. American Oil Co., supra*).

■ Likewise, Roeder's assertion of discrimination because he claims that others nearby can use their lands for more objectionable uses is without merit. In this regard, we have previously held that the fact that nearby land may be zoned for a business use does not, in and of itself, mean that different restrictions cannot be placed on adjacent land under a proper zoning plan. *Denver v. American Oil Co., supra*. Actual discrimination within the same district would have to be shown. *Hale v. Denver, supra*. Here the record discloses that several miles away from defendant's land (the exact

distance not being shown), the Gates Rubber Company and the Telephone Company burn old rubber and refuse. Such distance is entirely too far, in our view, to warrant our sanction of a claim that a neighbor is granted a right denied to another under similar circumstances; especially, when no showing was made as to the type of zone the other use was being conducted in. In addition, the record reveals that such uses by others were under investigation by the building inspector at the time of this trial to determine whether violations also existed there. Further, under the facts presented here, defendant cannot secure redress from his own violation of the law by claiming another is also violating it. *Flinn v. Treadwell*, 120 Colo. 117, 122, 207 P.2d 967 (1949); 1 Yokley, *Zoning Law and Practice* § 10-8 (3rd ed. 1965).

The judgment is affirmed.

MR. JUSTICE MOORE not participating.