## 20147

Claude R. DUNBAR, Appellant, v. CITY OF SPARTANBURG,
Respondent.

(221 S. E. (2d) 848)

114

*Claude R. Dunbar, pro se,*

*Messrs. T. E. Walsh* and *William E. Walsh,* of Spartanburg, *for Respondent,*

*Claude R. Dunbar, pro se,* in Reply.

January 7, 1976.

NESS, Justice:

This action was commenced by Claude R. Dunbar (Landowner) against the City of Spartanburg (City) to contest the constitutional validity of the City's zoning ordinance. It is the contention of the Landowner that the zoning ordinance is, first, unconstitutional *per se,* and secondly, that it is unconstitutional in its application to him, because it deprives him of all use of a parcel of land owned by him.

The facts are not greatly, if at all, in dispute. The Landowner has title to a strip of vacant land on Pine Street, a heavily traveled, six-lane street in Spartanburg. It measures about 900 feet frontage, along the street, and varies in depth from 39.7 feet, at the southern end, to 9.7 feet at its narrowest point on the northern end. It contains about 28,-200 square feet, or approximately two-thirds of an acre. For several years the landowner has permitted Spartanburg Men's Garden Club to cultivate all, or a substantial portion, of it in flowers, shrubbery, trees, etc. The lot adjoins the Southern Railway right-of-way and its tracks on the rear.

Between Pine Street and the Landowner's property, the Highway Department maintains a sidewalk. Duke Power Company (Duke) has a right-of-way and maintains poles and power lines across the property. About July 1973, the Landowner orally granted to Duke the right to remove all trees, bushes and other vegetation from the premises, at no cost to the Landowner. The City stopped Duke, claiming that Duke was violating its tree protection ordinance, which is a part of the City's zoning law.

Thereafter, in October 1973, this action was commenced. The Landowner prays, first, for damages against the City for preventing Duke from completing its agreement to remove the trees, shrubbery, etc.; secondly, that the tree protection ordinance, and the entire zoning ordinance be declared unconstitutional in violation of Article I, §§ 3 & 13 of the Constitution of South Carolina (§ 3 forbids that property be taken without due process of law, and § 13 dictates that private property shall not be taken for public use without just compensation being first made therefor); thirdly, that the tree protection ordinance, and the entire zoning ordinance be declared unconstitutional as it applies to the Landowner and his property herein; and fourth, that the City be enjoined from interfering with the Landowner's full and complete enjoyment of his property.

The City zoning ordinance was enacted August 6, 1973, pursuant to authority granted by the legislature to municipalities by § 14-350 *et seq.,* and § 47-1001 *et seq.* of the Code. It provides for eleven property classifications, or districts. The property of the Landowner is zoned O & I (Office and Institutional District). There are four more restrictive classifications (all residential), and six less restrictive (business, commercial and industrial). Under an O & I classification, the property can be used for residences, offices and similar institutions; it may not be used for other businesses, such as shopping, retail sales, commercial and industrial enterprises.

The zoning ordinance requires that buildings constructed on property zoned O & I must leave 25 feet for a front yard and 15 feet for a back yard. Accordingly, it is seen that under the terms of the ordinance, it would not be possible to construct any building on the Landowner's property, for it is, at its widest point, less deep than 25 feet plus 15 feet. The ordinance creates a Zoning Board of Adjustment and Appeals. It is authorized, upon appeal in specific cases, to grant variances from the terms of the ordinance where, because of special conditions, a literal enforcement of the provisions of the ordinance would result in unnecessary hardships. The ordinance specifies that variances may be granted upon several factual findings, including that "the purpose of the variance is not based upon a desire to increase financial gain." The Landowner has not applied for a variance and argues that it would be useless, because he concedes that he wishes to use this property for his financial gain.

Counsel for the City disagrees with the Landowner's construction of this provision. He conceded in his written brief, "If the landowner has a proper use under the present zoning, there is nothing in the Ordinance preventing the granting of a variance to allow that use when the proper facts are presented. Only by presenting such a concrete proposal to the Zoning authorities is it possible to make a determination as to whether a variance would be justified. This evidence was not presented to the Board of Adjustment nor has he shown that he has such evidence." Accordingly, it is seen that the City does not take the position that the sole fact that the Landowner would gain financially, deprives him of a variance. We accept the City's construction of the ordinance on this point. The Landowner has not pursued, and certainly has not exhausted, his administrative remedies. The fact that he sought a rezoning of this property in 1953, and again in 1972, and was refused, is of no relevance to the court in this case. Since a zoning law was first enacted by the City of Spartanburg in 1950, the Landowner has never applied for a variance.

The contention that the zoning ordinance is unconstitutional *per se,* is patently without merit. See *Talbot v. Myrtle Beach Bd. of Adjustment,* 222 S. C. 165, 72 S. E. (2d) 66 (1952). We cannot say that a zoning ordinance, which requires a front yard of 25 feet and a back yard of 15 feet for the development of office and institutional business, is arbitrary or unreasonable. Accordingly, we refuse to hold that the zoning ordinance is unconstitutional *per se.* Whether it is unconstitutional as applied to the particular Landowner and the property involved is prematurely before this Court. The impact of the zoning ordinance upon this property cannot be determined at this time since the Landowner has failed to pursue his administrative remedies by applying for a variance.

We now reach the attack of the Landowner upon the tree protection ordinance, which is a part of the zoning law. It was enacted "to encourage the preservation and protection of trees within the City of Spartanburg, and to prevent their unnecessary destruction." Lots used for single-family dwellings or duplexes are exempt. It does not apply to the downtown airport, or to the rights-of-way of utility companies. It provides that when an application for a building permit is submitted to the City, a site plan for the development or improvement of any nonexempt parcel of land shall be submitted therewith. It requires a developer of real estate to retain 15% of the trees in the tree protective zone, or 5 trees per acre, whichever is greater. When trees cannot be retained, certain replacements are required. Neither counsel for the Landowner, nor the City, in argument, dwell at length on this facet of the case. No authority has been cited as a precedent for declaring this part of the ordinance unconstitutional *per se,* and we decline to do so.

However, we are of the opinion that the tree protective ordinance is constitutionally invalid because it is not authorized by the Act of the General Assem-

bly permitting municipalities to enact zoning ordinances. It must be conceded that § 14-350.16 is broad in its scope and gives to the municipalities much authority in the field of zoning. At the same time, a municipality, being a creature of the legislature, may exercise only such authority as is granted to it. In the absence of language clearly indicating that the legislature intended that the City could forbid landowners to cut trees and require landowners to plant trees in replacement we hold that the tree protection ordinance, as written, has not been authorized by the General Assembly.

On this appeal, the Landowner submits that certain testimony, which was excluded, should have been admitted. A review of the transcript convinces us that the testimony was irrelevant and would not have affected the result.

In this opinion we have not treated each of the questions in the form submitted by counsel for the Landowner, but the substance of all questions and exceptions raised has been considered and found without merit, except as hereinabove indicated.

Having held that the tree protection ordinance is invalid it necessarily follows that the City should be, and is hereby enjoined from interfering with the Landowner's cutting of his trees, shrubbery, etc.

Affirmed in part; reversed in part; and remanded.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.