**No. 27119**

**Board of County Commissioners of the County of Jefferson, State of Colorado, a body politic and corporate v. Mountain Air Ranch, a Colorado nonprofit corporation, and HHH Corporation, a Colorado corporation**

(563 P.2d 341)

Decided January 31, 1977.                    Rehearing denied February 22, 1977.

366

Patrick R. Mahan, Jefferson County Attorney, Gail E. Shields, Assistant, for plaintiff-appellee.

Reynard, Dorwart & Booms, P.C., William F. Reynard, for defendants-appellants.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is an appeal from a Jefferson County District Court decision ordering the removal of house trailers from Mountain Air Ranch. We agree with the district court that occupancy of the land by the trailers in question was in violation of valid zoning laws and we therefore affirm the judgment.

Mountain Air Ranch, a private resort facility, leases approximately 150 acres of land in Jefferson County from co-defendant HHH Corporation (hereinafter referred to jointly as Mountain Air). In 1955 the area occupied by Mountain Air was zoned Agricultural-Two (A-2) which permitted agricultural uses and "amusement resorts" (if approved by the Board of Adjustment) but did not allow mobile homes or trailers. At the time the area was zoned , there were three trailers on the property. When the county brought this action, that number had risen to 20.

After several requests for compliance with the zoning laws had been ignored by Mountain Air, the county filed an action asking for injunctive relief requiring the removal of the trailers. The complaint also contained a request that Mountain Air be assessed penalties as provided in C.R.S. 1963, 106-2-23 and 36-15-9.[1]

The district court found that since only three trailers were on the property in 1955 when the area was zoned to exclude trailers, the other 17 trailers must be removed.

Appellant Mountain Air alleges several errors. We will deal with each allegation in turn.

---

[1] Now sections 30-28-124 and 30-28-209, C.R.S. 1973, respectively.

## I.

Mountain Air first contends that it was being criminally prosecuted and that therefore it was the county's burden to prove its case "beyond a reasonable doubt."

In paragraph five of its second amended complaint, the county requested that if, pursuant to a court order, the violations were not "corrected" within the proper time, Mountain Air should be found in violation of C.R.S. 1963, 106-2-23 and 36-15-9 and fined $100 for each day of delinquency. On two occasions during his closing argument, the county attorney asked that this paragraph be stricken. It is not clear from the record whether the court granted this motion, but the court clearly did not make a finding based on this charge, nor did it enter any judgment based on it.

If a proceeding substantively involves incarceration or other criminal sanctions, of course, all the traditional criminal safeguards must attach. *Mora v. District Court*, 177 Colo. 381, 494 P.2d 596 (1972). However, this case proceeded throughout as a civil action and it was not until closing arguments that the issue of paragraph five was raised. It was raised by defendants and, in response, the county attorney asked that the paragraphs dealing with penalties be stricken. It is the substance rather than the form of a proceeding that determines its nature. The issues tried here were purely of an equitable nature and the judgment rendered was strictly a civil one. The reasonable doubt standard pertaining to criminal matters was therefore inapplicable.

Mountain Air argues that even if this were a civil action, the mere presence of the criminal charge prejudiced its defense since it "chilled" the willingness of corporate officers to testify. While it is true that testifying may expose witnesses to future prosecution, this is the effect of any testimony in any proceeding, civil or criminal. The officers were no more "chilled" by the presence of paragraph five than they would have been if the paragraph had never been included. Mountain Air's contention of prejudice is, therefore, without foundation.

## II.

Mountain Air, citing *Combined Communications Corp. v. City & County of Denver*, 189 Colo. 462, 542 P.2d 79 (1975), next argues that the zoning laws are an absolute prohibition of a valid property use and not within the power delegated to the Board of County Commissioners by section 30-28-113(1), C.R.S. 1973 to "regulate" uses.

Section 8: R-T Residential Trailer District Resolution paragraph B(1) provides:

"It shall be unlawful for any person, firm or corporation to place, keep, or maintain any automobile trailer or house car upon any lot, piece or parcel of ground within the County of Jefferson, *except in a legal trailer camp or camp ground as approved in accordance with Section 36 of this*

*Resolution. . . .*" (emphasis added)

Since this resolution clearly allows trailers to be placed in R-T districts which are zoned for such mobile homes, Jefferson County does not "absolutely prohibit" trailers and Mountain Air's argument is without merit.

### III.

Appellant contends that the zoning regulations restricting trailers to trailer camps is unconstitutional as an abuse of the police power.

Zoning regulations must bear a real and substantial relationship to the public health, safety, morals or welfare. *Stroud v. City of Aspen*, 188 Colo. 1, 532 P.2d 720 (1975). However, as we have noted several times, zoning plans are presumed to be constitutional and it is the burden of one challenging such a regulation to demonstrate its invalidity beyond a reasonable doubt. *Wright v. City of Littleton*, 174 Colo. 318, 483 P.2d 953 (1971); *Huneke v. Glaspy*, 155 Colo. 593, 396 P.2d 453 (1964); *Frankel v. City & County of Denver*, 147 Colo. 373, 363 P.2d 1063 (1961); *Baum v. City & County of Denver*, 147 Colo. 104, 363 P.2d 688 (1961).

Mountain Air incorrectly argues that it is the county's burden to show that the trailers constitute a public nuisance or a hazard to public health and safety. Such a view misstates the law.

The burden was upon Mountain Air to show unconstitutionality. The validity of the regulations must be upheld in the absence of evidence demonstrating that they do not foster legitimate governmental purposes.

Appellant also argues that the zoning scheme is an abuse of the police power since it prevents the use of the subject property for any purpose to which it is reasonably adapted.

Zoning regulations which preclude the use of property for any reasonable purpose whatsoever are invalid. *Famularo v. Board of County Commissioners*, 180 Colo. 333, 505 P.2d 958 (1973); *Nopro v. Town of Cherry Hills Village*, 180 Colo. 217, 504 P.2d 344 (1972). But it is clearly not necessary that the land be available for the "highest and best" use. It is only necessary that a reasonable use be available. *Famularo v. Board of County Commissioners, supra; Nopro v. Town of Cherry Hills Village, supra.*

Mountain Air has failed to show that the removal of trailers will make the area unusable for any reasonable purpose. Absent such a showing, the validity of the regulations must be sustained.

### IV.

Mountain Air argues that Section 8 of the Jefferson County Zoning Resolution which restricts trailers to trailer camps is overbroad and could result in a taking of property without due process. This argument is based on their contention that Section 8 universally prohibits trailers throughout the county. As we have pointed out, we do not so read Section 8. Trailer

parks are permitted in the county as part of the zoning plan.

Assigning certain uses to certain zones is clearly a legitimate exercise of the police power. *Euclid v. Ambler*, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926).

We have stated that:

"The board of county commissioners, as the legislative body, has a wide prerogative under C.R.S. 1963, 106-2-10, in classifying and regulating uses of land for trade, industry, recreation and other purposes, and it is not the function of the courts to determine how uses shall be defined or what uses shall be permitted in various districts under comprehensive zoning resolutions." *Board of County Commissioners v. Thompson*, 177 Colo. 277, 284, 493 P.2d 1358, 1361 (1972).

We find nothing unreasonable in restricting trailer homes to Residential-Trailer zones.

Whether or not it is difficult to obtain an R-T zoning classification in Jefferson County does not affect the constitutionality of the zoning regulation. Such problems must be addressed in individual cases when zoning has been denied by reason of what is charged to be an abuse of discretion.

### V.

Mountain Air charges that the removal of "amusement resorts" from A-2 zones in 1972 was a violation of due process.

Mountain Air has no standing to raise this issue. The county here has sought only the removal of trailers and has not attempted to otherwise control the use of the property at this point

In any event, Mountain Air is mistaken in its view that it had acquired a vested property right by its use of the property as an amusement resort.

The zoning regulations in 1955 allowed the presence of amusement resorts in both A-1 and A-2 zones, but only if the Board of Adjustment approved such use. Apparently Mountain Air never applied for approval. It, therefore, never attained a legal right to the use of the property as an amusement resort.

### VI.

Section 8, paragraph A-1 of the County Zoning Resolution provides:

"A 'trailer' means any coach, cabin, mobile home, house car or other vehicle or structure intended for or capable of human dwelling or sleeping purposes, mounted upon wheels or supports, or supported and/or capable of being moved by its own power or transported by another vehicle."

Mountain Air contends that since only five units had wheels, the others should not have been included in the district court's removal order. Appellant also claims that since these other units are not "capable of being moved" they are not "trailers."

The definition provided in paragraph A-1 specifically includes various structures or vehicles mounted on wheels *or* supports. The evidence at trial was sufficient to show that the units involved here which were without wheels were mounted on supports. Therefore, they were included within that part of the definition.

Similarly "trailers" are units that are supported and/*or* capable of being moved. The disjunctive "or" indicates that the trailer may be capable of being moved but need not be in order to qualify as a trailer.

All of the units in question were correctly included in the district court's order.

## VII.

Appellant asserts that the trailers which were ordered removed are entitled to an amortization period pursuant to section 30-28-120, C.R.S. 1973.

The three original trailers which were present when the zoning laws were changed to exclude trailers are valid nonconforming uses. However, Mountain Air's extension of that use was prohibited by Section 23(A)(2) of the Zoning Resolution.

It is clear that such a restriction on the right to expand or extend a non-conforming use is valid. *Bird v. City of Colordo Springs*, 176 Colo. 32, 489 P.2d 324 (1971); *Wasinger v. Miller*, 154 Colo. 61, 388 P.2d 250 (1964).

Hence appellant is not entitled to an amortization period since section 30-28-120, C.R.S. 1973 only applies to *valid* non-conforming uses.

## VIII.

Finally, Mountain Air complains that the county did not comply with local district court rule 21 which requires a pre-trial statement of proposed witnesses and exhibits 30 days prior to trial. Appellant received the county's statement shortly before trial but argues that the evidence should have been excluded.

The matter of excluding such evidence is one of discretion for the trial court. In the absence of any evidence to indicate an abuse of discretion, *e.g.*, prejudice to the objecting party by reason of the late statement, we will not disturb a trial court's ruling. *See Smith v. Smith*, 172 Colo. 185, 474 P.2d 619 (1970), *Moseley v. Lamirato*, 149 Colo. 440, 370 P.2d 450 (1962). *See also, Ross v. Colorado National Bank of Denver*, 170 Colo. 436, 463 P.2d 882 (1969).

The judgment is affirmed.