23363

Robert and Alice BEARD, Respondents v. SOUTH CAROLINA COASTAL COUNCIL, Sierra Club, Charleston Natural History Society and South Carolina Wildlife Federation, Appellants.

(403 S.E. (2d) 620)

Supreme Court

<hr/>

*C.C. Harness, III,* of *South Carolina Coastal Council,* Charleston, *for appellant South Carolina Coastal Council.*

*James Chandler, Jr.,* Pawleys Island, *for appellants Sierra Club, Charleston Natural History Soc.* and *South Carolina Wildlife Federation.*

*Fred B. Newby,* Myrtle Beach, *for respondents Robert* and *Alice Beard.*

*Dwight F. Drake,* of *Nelson, Mullins, Riley & Scarborough,* Columbia, *for amicus curiae, S.C. Tourism Council.*

Heard June 1, 1990; Decided March 11, 1991.

Rehearing Denied April 17, 1991.

TOAL, Justice:

This case involves the denial of a permit application to build a bulkhead on beachfront property. The circuit court found that while the permit was properly denied, it constitutes an unconstitutional taking. We find that it does not and therefore reverse.

## FACTS

On February 4, 1987, Robert and Alice Beard applied for a permit to construct a bulkhead approximately 205 feet in length across four lots of beachfront property.[1] The proposed bulkhead would advance the location of an existing bulkhead 18.5 feet seaward on two lots, 23.9 feet on a third lot and would be new construction on the fourth lot. All construction would take place in the beach critical area regulated by the Council.

The Beards stated that the purpose for the project was erosion control. When evidence was revealed that this area was

---

[1] The case is governed by the 1977 Coastal Zone Management Act because the app lication was submitted prior to the passage of the 1988 Beachfront Management Act.

not eroding, but rather accreting, the Beards admitted that they wanted to build the wall on their property line so they would be able to sell this property and to level it off so their tenants would not have to walk uphill or over a dune to the beach.

The permit was denied by the Permit Administrator and Coastal Council for several reasons. First and foremost, the proposed construction would have violated the legislative policies of the Coastal Zone Management Act ("Act"). Like the 1988 Beachfront Management Act, the purpose of the 1977 Act was to protect, restore and enhance the coastal environment. To fulfill this purpose, the Act placed specific restrictions on the construction of bulkheads in the critical area. The proposed construction of the new bulkheads on the Beards' property did not fall within a statutory exception. In addition, the area was accreting thereby eliminating any need for new erosion control devices. Furthermore, the Beards had existing bulkheads and had other alternatives available.

The circuit judge concluded that the permit was properly denied on the basis that the Council was "protecting a valuable resource and doing it in a manner consistent with the intent of the Coastal Zone Management Act to protect and wherever possible to restore significant natural resource critical areas." The lower court recognized that a "substantial and legitimate State interest" was involved but found that the denial of the permit constituted a "taking" because the denial of the permit had the effect of making the area between the existing and proposed wall a public beach. We disagree.

## DISCUSSION

It is important to note at the outset that the Beards' complaints concern only a portion of their property. The Beards contend that only the area between the existing wall and the proposed wall has been "taken." On two lots this involves 18.5 feet and on the third lot, this portion consists of 23.9 feet. Each lot is approximately 125 feet deep. Therefore, over 100 feet on each lot remains unaffected. As an initial matter, the Beards' approach to a "takings" contention in the context of a zoning regulation is inaccurate. " 'Taking' jurisprudence does not divide a single parcel into discrete segments and attempt to determine whether rights in a particular segment have

been entirely abrogated. . . . [The] Court focuses rather . . . on the . . . parcel as a whole." *Penn Central Trans. Co. v. New York City*, 438 U.S. 104, 130-31, 98 S. Ct. 2646, 2662-63, 57 L. Ed. (2d) 631 (1978).

Furthermore, the Beards may still sell the entire piece of property on each lot, including the area between the proposed and existing walls. Each lot contains rental units which are unaffected by any decision concerning the application. The Beards may continue to utilize the rental units. They may also exclude persons from the area between the proposed and existing walls by posting signs and having trespassers ejected from the property.

Thus, the enforcement of the regulation in this case has had a minimal impact on the Beards' property. Indeed, the exercise of police power in this case is much like that utilized in zoning cases which involve setback requirements. We have long recognized the principle that the power to zone is exclusively for the legislature and that zoning decisions will not be interfered with when made in the exercise of the governing body's police power to accomplish the desired end unless there is a plain violation of citizens' constitutional rights. *Talbot v. Myrtle Beach Board of Adjustment*, 222 S.C. 165, 72 S.E. (2d) 66 (1952). In cases involving setback requirements, this Court has always looked at the application and impact on the individual property owner. *See e.g., Dunbar v. City of Spartanburg*, 266 S.C. 113, 221 S.E. (2d) 848 (1976). It is clear that the application of the Act to the Beards' property in this case does not result in a violation of their constitutional rights.

This conclusion is buttressed by our recent decision in *South Carolina Coastal Council v. Lucas*, Op. No. 23342 (S.C. Sup. Ct. filed February 11, 1991), wherein we held that no compensation is due a landowner whose private use threatens serious public harm.

The State has a legitimate interest in protecting the public from serious harm. In the Act, the Legislature made specific findings regarding the coastal environment and set forth poli-

cies concerning the protection of the beaches. The Beards did not challenge the legislative findings and policies, nor did they challenge the lower court's conclusion that a "substantial and legitimate State interest" was involved. The failure to contest these findings and policies constitutes a concession that the protection of the coastal environment is a substantial State interest and that regulation of the property is necessary to protect against serious public harm. Protection against serious public harm justifies strict government regulation of the property thereby prohibiting the finding that the property has been "taken." *Lucas, supra,* and cases cited therein.

Having reached this conclusion, we need not address the remaining issues on appeal.

The lower court is reversed.

GREGORY, C.J., and FINNEY, J., concur.

CHANDLER, J., concurs in separate opinion.

HARWELL, J., dissents in separate opinion.

CHANDLER, Justice, concurring:

While I concur in the majority's conclusion that reasonable setback requirements do not constitute a taking for which compensation is required, I adhere to the dissent's position in *South Carolina Coastal Council v. Lucas,* Op. No. 23342 (S.C. filed February 11, 1991), that a taking arises whenever the regulation deprives the landowner of "economically viable use" of his property.

HARWELL, Justice, dissenting:

I respectfully dissent. I would affirm the circuit court's finding that the denial of the permit constituted an unconstitutional taking. For a complete analysis of my reasoning, see my dissent in *South Carolina Coastal Council v. Lucas,* Op. No. 23342 (S.C. Sup. Ct. filed February 11, 1991) (Davis Adv. Sh. No. 4 at 21).