566 S.E.2d 193

**William Bay Van NESS, III, Appellant,**

v.

**ECKERD CORPORATION, Respondent.**

**No. 3531.**

Court of Appeals of South Carolina.

Heard June 3, 2002.
Decided June 27, 2002.

400

Stephen P. Groves, Sr., and Stephen L. Brown, both of Young, Clement, Rivers & Tisdale, of Charleston; Reese I. Joye, of the Joye Law Firm, of North Charleston, and John S. Nichols, of Bluestein & Nichols, of Columbia, for appellant.

Wade H. Logan, III, Elizabeth Scott Moise, and Mark C. Fava, all of Nelson, Mullins, Riley & Scarborough, of Charleston, for respondent.

HEARN, C.J.:

William Van Ness appeals from two orders issued by two different circuit court judges. First, he appeals an order setting aside an entry of default against Eckerd Corporation. Secondly, he appeals from an earlier order in which the circuit court judge *sua sponte* vacated his prior order denying Eckerd relief from entry of default. He contends there was no good cause shown to set aside the entry of default or, in the alternative, that the first circuit judge should not have vacated his order. We vacate both the order setting aside the entry of default and the decision vacating the original order and remand for further proceedings.

## PROCEDURAL HISTORY

Van Ness filed a complaint against Eckerd asserting claims for false imprisonment, malicious prosecution, and slander. Eckerd was served on December 4, 1997. On January 6, 1998, Van Ness filed an affidavit of default indicating Eckerd had not answered or filed any other responsive pleading. The clerk of court entered default the same day.

On January 8, 1998, Eckerd mailed an answer and moved to set aside the entry of default pursuant to Rule 55(c), SCRCP. Judge B. Hicks Harwell denied Eckerd's motion to set aside default in an order filed May 28. Eckerd then filed a Rule 59(e), SCRCP, motion, requesting that Judge Harwell recon-

sider his determination that Eckerd had not shown good cause for the default.

In an order dated July 13, 1998, Judge Harwell stated "[he] discovered that one of the [his] brothers has a relationship to the corporate defendant which was unknown [to me] at the time this Court heard the Motions in question and entered the Order of May 28, 1998." He then vacated his earlier order and recused himself from the case.

Subsequently, Judge Gerald C. Smoak heard the Rule 55(c) motion *de novo* and granted Eckerd's request for relief. Van Ness appeals.

## DISCUSSION

 Van Ness appeals Judge Harwell's decision to vacate his own order and recuse himself and Judge Smoak's later decision lifting the entry of default. We agree that Judge Harwell could not vacate his own order more than ten days after it was issued.

 Initially, we note that "[i]ssues relating to subject matter jurisdiction may be raised at any time . . . and should be taken notice of by this court on our own motion." *Bunkum v. Manor Props.*, 321 S.C. 95, 99–100, 467 S.E.2d 758, 761 (Ct.App.1996). In *Heins v. Heins*, 344 S.C. 146, 543 S.E.2d 224 (Ct.App.2001), this court held that a family court judge lacked jurisdiction to *sua sponte* alter a judgment more than ten days after it was issued. Although trial judges retain jurisdiction to alter judgments on their own initiative for ten days if a Rule 59(e), SCRCP, motion is filed, after ten days that jurisdiction is lost.[1] *Id.* at 157, 543 S.E.2d at 229–30. In

---

1. We note that the question of whether the trial court retains jurisdiction for ten days if no Rule 59(e) motion is filed remains an open question in South Carolina. *See Doran v. Doran,* 288 S.C. 477, 478, 343 S.E.2d 618, 619 (1986) (holding trial court loses jurisdiction to modify order after the term in which the order was issued has expired); *Pitman v. Republic Leasing Co.,* —— S.C. ——, ——, 570 S.E.2d 187, 189 (Ct.App.2002) (noting that before the adoption of the South Carolina Rules of Civil Procedure, it was well-settled that a trial judge could modify his own judgments only until the expiration of the term of court and "[w]hether or not Rule 59(e), SCRCP, supersedes this rule entirely or is merely an exception to it has not been decided by our supreme court.")

this case, as in *Heins,* the trial judge modified an order not as requested in a Rule 59(e) motion, but rather on his own initiative and after more than ten days had passed. He therefore lacked jurisdiction to vacate the original order.

Although Judge Harwell lacked the jurisdiction to *sua sponte* vacate his earlier order, we find that he had the inherent power to recuse himself with respect to Eckerd's Rule 59(e) motion. A trial judge must recuse himself if "the judge or the judge's spouse or a person within the third degree of relationship to either of them, or the spouse of such a person: . . . is known by the judge to have more than a de minimis interest that could be substantially affected by the proceeding." Canon 3(E)(1)(d)(iii), Code of Judicial Conduct, Rule 501, SCACR. In this case, Judge Harwell did not know there was a potential conflict until nearly two months after he issued his original order. On realizing there might be a problem, Judge Harwell properly declined to take any further action in the case, but he should not have vacated his earlier order. Rule 63, SCRCP, directs as follows:

> If by reason of death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules after a verdict is returned or findings of fact and conclusions of law are filed, then the resident judge of the circuit or any other judge having jurisdiction in the court in which the action was tried may perform those duties. . . .

We construe the language "other disability" to include disqualification of the trial judge. Therefore, the Rule 59(e) motion should have been heard by another circuit judge.[2]

On appeal, Van Ness argues that Judge Harwell erred in recusing himself. Initially we note that this issue is not preserved for our review because Van Ness did not make a Rule 59(e) motion regarding Judge Harwell's recusal. To be preserved for appeal, an issue must have been raised to and ruled on by the trial judge. *Holy Loch Distribs., Inc. v. Hitchcock,* 340 S.C. 20, 24, 531 S.E.2d 282, 284 (2000). If a

---

2. This approach is consistent with that applied by the Texas Court of Appeals in *Bourgeois v. Collier,* 959 S.W.2d 241 (Tex.App.1997). There, the court vacated the trial judge's decision to grant a motion to modify a final order because it appeared that recusal was required.

trial judge grants "relief not previously contemplated or presented to the trial court, the aggrieved party must move, pursuant to Rule 59(e), SCRCP, to alter or amend the judgment in order to preserve the issue for appeal." *In re Estate of Timmerman,* 331, S.C. 455, 460, 502 S.E.2d 920, 923 (Ct. App.1998). Moreover, this argument is unavailing on its merits. The decision to recuse is within the discretion of the trial judge. *Christy v. Christy,* 317 S.C. 145, 149, 452 S.E.2d 1, 3 (Ct.App.1994). "We will not second guess his determination, for whether or not he was able to exercise impartiality, he judiciously chose to avoid the appearance of impropriety." *Id.*

Because we vacate Judge Harwell's decision vacating his original order, we must also vacate Judge Smoak's *de novo* consideration of Eckerd's Rule 55(c) motion.[3] We remand this matter for consideration of Eckerd's Rule 59(e) motion and further proceedings consistent with this opinion.

**VACATED IN PART AND REMANDED IN PART.**

HUFF and HOWARD, JJ., concur.

---

**3.** In light of our decision vacating Judge Smoak's order, we decline to reach Van Ness's argument that there was no good cause shown for purposes of relief from entry of default.