THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Branch Banking and Trust Company,       
Appellant,
 
 
 

V.

 
 
 
Wilson L.
Pickens,        Respondent.
 
 
 

Appeal From Florence County
B. Hicks Harwell, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-157
Submitted February 9, 2004  Filed March 
 10, 2004

VACATED

 
 
 
John William Ray, of Greenville, for appellant.
Wilson L. Pickens, of Florence, for respondent.
 
 
 

PER CURIAM: Branch Banking and Trust Company 
 (BB&T) appeals an order of the Circuit Court setting aside a default judgment 
 against Wilson L. Pickens (Pickens).  BB&T contends the circuit judge lacked 
 jurisdiction to set aside the judgment.  We agree and vacate the order setting 
 aside the judgment.
FACTS
In June 1999, Pickens obtained a loan from BB&T 
 to purchase a used 1998 Ford Windstar van.  Under the terms of the loan documents, 
 Pickens was obligated to repay BB&T (including interest and other finance 
 charges) $29,791.80 over 60 months.  As collateral for the loan, BB&T held 
 a purchase money security interest in the van. 
Around August 2000, Pickens stopped making 
 payments on the loan.  BB&T subsequently repossessed the van and sold it, 
 applying the proceeds of the sale to the amount due on the loan.  Because the 
 proceeds from the sale of the van did not cover the entire amount Pickens owed 
 BB&T, it commenced the present action seeking a judgment against Pickens 
 for $12,844.37, the outstanding balance due on the loan at the time the complaint 
 was filed.  BB&T also requested interest and attorneys fees. 
Although personally served with the summons 
 and complaint on October 10, 2001, Pickens did not enter responsive pleadings 
 or otherwise respond to BB&Ts complaint.  Accordingly, on November 14, 
 2001, the trial court entered a default judgment against Pickens for $17,952.60 
 [1] plus post-judgment interest at the statutory rate.  The judgment also 
 allowed BB&T leave to foreclose or execute against Property or otherwise 
 enforce its judgment in any manner provided by law. 
According to BB&T, on or about December 
 17, 2001, Pickens filed a Chapter 7 bankruptcy petition (individual liquidation).  
 It appears from the record that, during the pendency of his bankruptcy case, 
 Pickens filed a motion with the Bankruptcy Court to avoid BB&Ts judicial 
 lien pursuant to 11 U.S.C. § 522(f).  The motion lists bankrupts truck as 
 the type of property liened and 1999 as the date of the lien.  The bankruptcy 
 judge denied Pickens motion for failure to comply with SC LBR 9014-2 (Local 
 Rule) on December 21, 2001. [2]  The bankruptcy court ultimately granted Pickens 
 a discharge in April 2002. [3]   
On June 14, 2002, the trial court entered 
 an order setting aside the November 14, 2001 judgment against Pickens.  According 
 to BB&Ts brief, the trial court entered its order setting aside the judgment 
 sua sponte. The order states [u] pon reviewing this case it has 
 come to the attention of the court that defendant did file an answer to the 
 complaint within the time provided by the South Carolina Rules of Civil Procedure.  
 BB&T objected after receipt of notice of the order.  The trial court then 
 allowed Pickens to respond.  By letter addressed to the trial court, Pickens 
 stated: In response to letter I was sent concerning my case with regards to 
 BB&T. That debt was listed and discharg[ed] in my bankruptcy.  And my bankruptcy 
 case was discharged on April 22, 2002. 
Apparently, the trial court took no further 
 action to modify or amend its order setting aside judgment (nor did it expressly 
 decline to do so).  BB&T now appeals the order setting aside judgment.

 
 DISCUSSION
BB&T appeals the trial courts order setting aside 
 the judgment against Pickens, arguing the lower court lacked subject matter 
 jurisdiction to set aside the November 14, 2001 order.  We agree.
The prerogative of a circuit judge to sua 
 sponte alter, amend, or vacate his previous judgments and orders is significantly 
 restricted.  Under the South Carolina Rules of Civil Procedure regarding post-trial 
 relief from a trial courts orders, the trial court retains jurisdiction to 
 reconsider or change its previous rulings for a limited timegenerally for ten 
 days after entry of judgment, or if upon motion of party, ten days after the 
 party received written notice of the order.  See Rule 52(b), SCRCP (providing 
 that motion to amend findings must be made within ten days of entry or receipt 
 of judgment); Rule 59(e), SCRCP (providing that a motion to alter or amend judgment 
 must be made within ten days of entry or receipt of judgment).
 This court confronted a similar question 
 in Ness v. Eckerd Corp., 350 S.C. 399, 566 S.E.2d 193 (Ct. App. 2002).  
 In Ness, the trial judge sua sponte vacated his prior order 
 denying the defendants motion to set aside a default judgment. Id. at 
 401, 566 S.E.2d at 195.  On appeal, this court held the trial judge lacked jurisdiction 
 to vacate his previous order where the modification was not made pursuant to 
 a motion to alter or amend the courts decision, but on the judges own initiative, 
 and the modification was made more than ten days after the initial order.  Id. 
 at 403, 566 S.E.2d at 195.  
In the present case, as in Ness, 
 the trial judges order setting aside the default judgment was entered on the 
 courts own initiative, not as requested in a motion pursuant to Rule 59(e) 
 or other applicable rule, and well outside the ten day period generally allowed 
 under the rules.  The trial judge therefore lacked jurisdiction to set aside 
 his original order.
Additionally, we note that the appellant devotes 
 a significant portion of its argument on appeal to the putative impact on this 
 case of the bankruptcy proceedings involving Pickens.  We find this has little 
 bearing on our consideration of the case.  Although the debt emanating from 
 the  trial courts order of November 14, 2001 may have been discharged by the 
 bankruptcy court, the record before us contains no proof that has occurred.  
 Moreover, there is no evidence in the record indicating the trial court lacked 
 subject matter jurisdiction to enter the original default judgment due to the 
 effect of the automatic stay that obtains under 11 U.S.C. § 362 when a bankruptcy 
 petition is filed.  Regardless, it does not appear from the face of the trial 
 courts order setting aside the original judgment that the outcome of the bankruptcy 
 case prompted or controlled its decision.
CONCLUSION
Because the trial court lacked jurisdiction to 
 set aside its order of November 14, 2002, its order of June 14, 2002 is therefore 
 vacated.  The status of BB&Ts debt emanating from the trial courts order 
 of November 14, 2001, is a matter to be determined by the bankruptcy court.
VACATED.
HUFF and STILWELL, JJ., and CURETON, AJ., concur.

 
 
 [1] This figure includes the $12,844.37 account balance plus pre-judgment 
 interest of $2,673.23, attorneys fees of $2,300, and costs of $135.

 
 [2] We would note that the record reflects that BB&T 
 exercised its lien rights prior to September 17, 2001, repossessed the van 
 and sold it. These actions appear to have occurred prior to the bankruptcy 
 filing and thus the  lien avoidance motion, as it pertains to the collateral, 
 may have been ineffective in any event. 

 
 [3] The record before this Court 
 does not contain a listing of debts sought to be discharged, nor does it contain 
 documentation of the precise date Pickens filed for bankruptcy.  It should 
 be noted, however, that under 11 U.S.C. § 727(b), a Chapter 7 discharge covers 
 all prepetition debts unless excluded under § 523 of the Code.