THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 

PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Sandra Shelly, f/k/a Sandra Shelly Foxworth, Respondent,
 v.
 Carolina Air Services, Inc., E.M. Lemmond, Jr., and David Dolber, Defendants,
 of whom E.M. Lemmond, Jr., and David Dolber are Appellants.
 
 
 

Appeal From Florence County
 B. Hicks Harwell, Jr., Circuit Court Judge
Unpublished Opinion No. 2005-UP-206
Submitted February 1, 2005  Filed March 18, 2005

AFFIRMED

 
 
 
 Edward L. Graham, of Florence, for Appellants.
 G. Miles Gordon, Irby E. Walker, Jr., of Conway, for Respondent.
 
 
 

PER CURIAM:  E.M. Lemmond and David Dolber (Appellants) appeal a circuit court order enjoining them from transferring certain assets during the pendency of Sandra Shellys action against them.  We affirm.  
 
FACTS
In a prior action, Shelly sued Carolina Air Services, Inc., and Appellants, its sole shareholders, for damages arising out of work performed on her airplane.  While this action was pending, most of Carolina Airs assets were sold to Powers Aviation, Inc., a separate corporate entity.  Although other corporate debts were paid from the gross proceeds of this sale, no funds were withheld for Shellys possible judgment.  Instead, the remaining proceeds, between $200,000 and $400,000, were distributed to Appellants as shareholders.   
 
The circuit court subsequently awarded Shelly almost $43,000 against Carolina Air.[1]  By that point, Carolina Air was merely an empty corporate shell and did not pay the judgment.  Shelly then brought a second suit against Carolina Air and Appellants alleging fraudulent conveyance,[2] civil conspiracy, and facts warranting a piercing of the corporate veil.  As part of discovery, Shellys attorney deposed Lemmond.  During the deposition, he inquired about the disposition of the proceeds Lemmond received from the sale of Carolina Airs assets, as well as his current assets and liabilities.  Lemmonds attorney objected to this inquiry and filed a motion for a protective order to preclude its discovery.  Dolber joined in the motion, which the trial court granted based on a determination that it was not relevant or likely to be admissible evidence at trial.  In order to quell Shellys concerns regarding the availability of the proceeds, the trial court also enjoined Appellants, in the same order, from disposing of the proceeds other than in their normal course of business, investment activities, and for living expenses.  This appeal followed. 
 
STANDARD OF REVIEW
The decision to grant injunctive relief is within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion.  Zabinski v. Bright Acres Assocs., 346 S.C. 580, 601, 553 S.E.2d 110, 121 (2001).  An abuse of discretion occurs where the trial court is controlled by an error of law or where the trial court's order is based on factual conclusions without evidentiary support.  Id.
LAW/ANALYSIS
Appellants contend the trial court abused its discretion in granting injunctive relief to Shelly because the court did not comply with the requirements for issuing injunctive relief.  Specifically, they argue:  (1) the parties did not receive notice and an opportunity to be heard as required by Rule 65(a), SCRCP; (2) Shelly did not allege facts sufficient to state a cause of action for injunctive relief; (3) no evidence existed to show Shelly would be irreparably harmed or damaged if the court did not issue an injunction; and (4) the trial court failed to comply with Rule 65(c), SCRCP, by not requiring Shelly to post security. 
 
We find Appellants did not preserve these issues for our review.  A contemporaneous objection is required to preserve an issue for appellate review.  
Hawkins v. Pathology Assocs. of Greenville, P.A., 330 S.C. 92, 111, 498 S.E.2d 395, 406 (Ct. App. 1998).  This principle underlies the long-established preservation requirement that the losing party generally must both present his issues and arguments to the lower court and obtain a ruling before an appellate court will review those issues and arguments.  IOn, L.L.C. v. Town of Mt. Pleasant, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000).  
 
At the hearing on Appellants motion for a protective order, Shellys counsel raised concerns regarding the proceeds from the sale of Carolina Air, stating theyve done this one time before . . . and I dont want the assets to be gone before I have a chance to collect my judgment.  In response, Appellants attorney, not Shellys, first suggested some kind of injunctive action: 
 

 They just - - I mean, I can tell your honor they - - theyve suffered significantly from stock market travails, as have many others.  They - - They - - You know, they face some  - - some - - some financial challenges; but I mean, Id be willing - - I think that they would be willing to consent perhaps to an order that they not give away assets  . . . I mean, they need to run their personal lives, be able to pay bills and that sort of thing.  I dont think they have any interest whatsoever in - - in, you know, taking assets and - - and trying to hide them in some fashion.  
 

The trial court then asked Appellants counsel to draft an order barring any inquiry into Appellants assets, but stating they were not allowed to dispose or transfer any of the proceeds except in the normal course of their business and personal lives.  Appellants attorney agreed, but asked the court, if his clients did not agree to the injunction, whether it would suffice for them to merely answer Shellys questions. The court responded in the negative.  
 
Appellants never objected to this order, nor did they file a Rule 59(e), SCRCP, motion to have it altered or amended.  Instead, Appellants waited almost nine months until the first scheduled day of trial to raise exception to the injunctive relief.  The issue was raised with a bevy of other issues, including a motion to have Shellys counsel relieved due to the possibility he may be a witness in the case.  Following her counsels voluntary withdrawal, the circuit court granted Shelly a continuance to hire a new attorney, which is where the case stands today.  The court never addressed Appellants objections concerning the injunctive relief.
[A] great number of reported cases in South Carolina for at least four generations, and more recently the appellate court rules and rules of civil procedure, have emphasized the importance and absolute necessity of ensuring that all issues and arguments are presented to the lower court for its consideration.  Elam v. South Carolina Dept of Transp., 361 S.C. 9, 23, 602 S.E.2d 772, 779 (2004).  At the initial hearing, Appellants failed to object to the injunctive relief or present any argument as to why it was improper.  If Appellants were convinced that the order went beyond the courts injunctive authority, as they claim on appeal, then they were required to raise their arguments to the circuit court in a motion to alter or amend the injunctive order, which they also failed to do.  See 
Ness v. Eckerd Corp., 350 S.C. 399, 403-04, 566 S.E.2d 193, 196 (Ct. App. 2002) (If a trial judge grants relief not previously contemplated or presented to the trial court, the aggrieved party must move, pursuant to Rule 59(e), SCRCP, to alter or amend the judgment in order to preserve the issue for appeal.).  Even if we were to find that the arguments presented over nine months later sufficiently raised Appellants issues, they were never acknowledged, much less ruled upon, by the circuit court and, again, no Rule 59(e) motion was filed.  Accordingly, the issues are not preserved for our review and we do not address them here.  See IOn, 338 S.C. at 422, 526 S.E.2d at 724 (If the losing party has raised an issue in the lower court, but the court fails to rule upon it, the party must file a motion to alter or amend the judgment in order to preserve the issue for appellate review.).
CONCLUSION
Because we find Appellants issues are not preserved for our review, the circuit courts order is
 
AFFIRMED. 
HEARN, C.J., KITTREDGE and WILLIAMS, JJ., concur.

[1] The circuit court did not find Appellants personally liable to Shelly in the initial action.
[2] The trial court subsequently dismissed the action for fraudulent conveyance.