**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Channel Group, LLC, Appellant,

v.

William A. Parks, Respondent.

Appellate Case No. 2012-212726

———————————

Appeal From Horry County
Steven H. John, Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-402
Submitted September 1, 2013 – Filed October 30, 2013

———————————

**AFFIRMED**

———————————

Richard L. Jackson, of Brock & Scott, PLLC, of
Winston-Salem, North Carolina, for Appellant.

William A. Parks, of Myrtle Beach, pro se.

———————————

**PER CURIAM:** Channel Group, LLC, appeals the circuit court's order (1)
denying its motion pursuant to Rule 60(a) of the South Carolina Rules of Civil
Procedure to amend its judgment against William A. Parks and (2) declaring the
judgment completely satisfied, null and void, and void ab initio. Channel Group's
primary argument on appeal is that the circuit court erred in declaring the judgment

completely satisfied, null and void, and void ab initio. Because Channel Group failed to file a motion pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure after the circuit court sua sponte declared the judgment satisfied, null and void, and void ab initio, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Ness v. Eckerd Corp.*, 350 S.C. 399, 403, 566 S.E.2d 193, 196 (Ct. App. 2002) ("To be preserved for appeal, an issue must have been raised to and ruled on by the [circuit court]."); *id.* at 403-04, 566 S.E.2d at 196 ("If a [circuit court] grants relief not previously contemplated or presented to the [circuit] court, the aggrieved party must move, pursuant to Rule 59(e), SCRCP, to alter or amend the judgment in order to preserve the issue for appeal." (citation & internal quotation marks omitted)); *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) ("The losing party must first try to convince the [circuit] court it [] has ruled wrongly and then, if that effort fails, convince the appellate court that the [circuit] court erred."); *id.* ("This principle underlies the long-established preservation requirement that the losing party generally must both present his issues and arguments to the [circuit] court and obtain a ruling before an appellate court will review those issues and arguments."); *id.* ("Imposing this preservation requirement on the appellant is meant to enable the [circuit] court to rule properly after it has considered all relevant facts, law, and arguments.").[1]

**AFFIRMED.**[2]

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**

---

[1] Because this issue is dispositive, we decline to determine whether the circuit court erred in denying Channel Group's Rule 60(a), SCRCP, motion. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address remaining issues when resolution of a prior issue is dispositive).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.