23689

L.B. STANTON, Jr. and Morgan Corporation, Plaintiffs, of whom L.B. Stanton, Jr. is Appellant v. The TOWN OF PAWLEYS ISLAND; Ivan Hill, in his official capacity as Pawleys Island Building Inspector; Cecil Tallevast, in his personal capacity as an individual acting under color of state law; other persons in their individual or official capacities, not yet ascertained nor identified; and the Federal Emergency Management Agency, Defendants, of whom all but the Federal Emergency Management Agency are Respondents.

(420 S.E. (2d) 502)

Supreme Court

*M. Baron Stanton,* Columbia, *for appellant.*

*Joseph P. McLean,* Florence, *for respondents.*

Heard May 19, 1992; Decided July 20, 1992.

Reh. Den. Sept. 9, 1992.

TOAL, Justice:

This is an appeal from the order of the Circuit Court dismissing appellant's action for failure to exhaust administrative remedies. We affirm.

## FACTS

The ground level of appellant's ("Stanton's") beach house at Pawleys Island was virtually destroyed by Hurricane Hugo in September 1989. In November 1989, the building inspector for Pawleys Island refused to issue a building permit to Stanton to rebuild the lower portion of the house.

Stanton filed suit in Federal District Court claiming that the ordinance was constitutionally invalid and requesting the court to mandamus the Town of Pawleys Island to issue a building permit. Stanton named Federal Emergency Management Agency ("FEMA") as a party defendant. The District Court abstained from the case and dismissed the action. Thereafter, Stanton refiled the case in Circuit Court naming the same parties as defendants. FEMA removed the case to Federal Court and moved to be dismissed as a party. The District Court dismissed the action against FEMA and remanded the case to Circuit Court.

The remaining defendants and the plaintiffs made various motions to the Circuit Court. The Circuit Court granted the defendants' motion dismiss because Stanton had not exhausted administrative remedies. Stanton appeals.

## LAW/ANALYSIS

Stanton claims that he was not required to exhaust administrative remedies because the effort would have been futile. The Morgan Corporation ("Morgan"), a plaintiff in the action below, owned a house on Pawleys Island damaged by Hugo. Morgan was also denied a permit to rebuild the lower portion of the house. Morgan appealed to the Board of Adjustments, which affirmed the building inspector's denial of the permit. On this basis, Stanton claims that any appeal to the Board would have been futile.

Pawleys Island argues that the vote to deny Morgan a permit was not unanimous and that the composition of the Board changed substantially after the Morgan decision. Thus, Stanton could not be sure what the Board would rule.

In *Andrews Bearing Corp. v. Brady*, 261 S.C. 533, 201 S.E. (2d) 241 (1973), this Court held that the question of whether to require the plaintiff to exhaust administrative remedies was a matter within the sound discretion of the trial judge. A matter within the sound discretion of the trial judge will not be disturbed on appeal absent an abuse of discretion. *Coleman v. Dunlap*, — S.C. —, 413 S.E. (2d) 15 (1992). "An abuse of discretion occurs where the trial judge was controlled by an error of law or where his order is based on factual conclusions that are without evidentiary support." *Id.* at —, 413, S.E. (2d) at 17 (quoting *Tri County Ice and Fuel Co. v. Palmetto Ice Co.*, 303 S.C. 237, 242, 399 S.E. (2d) 779, 782 (1990)).

Thus, in order for this Court to reverse the trial judge's order on this issue, Stanton must show that as a matter of law, he was not required to exhaust administrative remedies or that the trial judge's ruling was based upon facts for which there is no evidentiary support. Stanton has failed to establish either. Therefore, we affirm the trial judge's dismissal of the action for failure to exhaust administrative remedies.

The remaining issues on appeal are affirmed pursuant to Rule 220(b)(1), SCACR, and the following authority: *Moore v. Sumter County Council*, 300 S.C. 270, 387 S.E. (2d) 455 (1990) (no constitutional right has been denied until the plaintiff has exhausted administrative remedies); *Andrews Bearing Corp. v. Brady*, 261 S.C. 533, 201 S.E. (2d) 241 (1973) (requirement of exhaustion of administrative remedies is within the sound discretion of the trial judge); *Wiblen v. Long*, 262 S.C. 430, 205 S.E. (2d) 174 (1974) (mandamus is highest judicial writ known to law); *Id.* at 431, 205 S.E. (2d) at 174-175 (plaintiff must show all five elements of entitlement to writ of mandamus).

Affirmed.

HARWELL, C.J. and CHANDLER, FINNEY and MOORE, JJ., concur.