# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Kevin Cox, on behalf of himself and all others similarly situated, Appellant,

v.

South Carolina Education Lottery Commission d/b/a South Carolina Education Lottery, and Intralot, Inc., Respondents.

Appellate Case No. 2019-000501

---

Appeal From Lee County
Kristi F. Curtis, Circuit Court Judge

---

Opinion No. 6012
Heard November 9, 2022 – Filed August 9, 2023

---

**AFFIRMED**

---

Joseph Clay Hopkins, of Charleston, for Appellant.

William Stevens Brown, V, and Miles Edward Coleman, both of Nelson Mullins Riley & Scarborough, LLP, of Greenville, for Respondent South Carolina Education Lottery Commission.

Joseph Preston Strom and Bakari T. Sellers, both of Strom Law Firm, LLC, of Columbia; and Mario Anthony Pacella, of Strom Law Firm, LLC, of Brunswick, Georgia, all for Respondent Intralot, Inc.

---

**VINSON, J.:** Kevin Cox, on behalf of himself and all others similarly situated, appeals the circuit court's orders granting the South Carolina Education Lottery Commission's (SCELC's) and Intralot, Inc.'s[1] (Intralot's; collectively, Respondents') motions to dismiss for failure to exhaust administrative remedies. We affirm.

## FACTS AND PROCEDURAL HISTORY

Cox filed a summons and putative class action complaint in February 2018, and an amended class action complaint in June 2018, alleging he purchased five Mega Millions[2] lottery tickets that he later discovered included four duplicate tickets. He estimated the purported class included at least 100,000 individuals with at least $100 in damages incurred as a result of Respondents' alleged misconduct.[3] The amended complaint raised the following four causes of action against Respondents: unjust enrichment, breach of contract and breach of implied contract, promissory estoppel, and violation of the South Carolina Unfair Trade Practices Act (SCUTPA).[4] Under Cox's causes of action for unjust enrichment and promissory estoppel, he specifically sought damages for the purchase of winning tickets. The amended complaint also raised a cause of action for negligence and gross negligence against Intralot, although Cox noted he specifically denied there was a printing error on the tickets.

Respondents filed motions to dismiss. SCELC argued, inter alia, the circuit court lacked jurisdiction over Cox's claims because he failed to exhaust his administrative remedies, some or all of his claims were barred by the doctrine of sovereign immunity, and the amended complaint failed to assert a cause of action upon which relief could be granted. Specifically, SCELC argued the South Carolina Education Lottery Act (the Act)[5] and SCELC regulations required any lottery player aggrieved by an action or decision of SCELC to first file a formal written complaint with SCELC's executive director. Thereafter, a player wishing to challenge the executive director's decision must appeal to the SCELC board within fifteen days of receiving the executive director's written decision and may

---

[1] Intralot is a private company that provided administrative and technical services to SCELC.

[2] Mega Millions is a multi-state lottery game.

[3] It is unclear from the record on appeal whether the circuit court certified the class.

[4] S.C. Code Ann. §§ 39-5-10 to -730 (2023).

[5] S.C. Code Ann. §§ 59-150-10 to -410 (2020 & Supp. 2022).

appeal the board's decision to the administrative law court (the ALC). Because Cox failed to allege he had exhausted his administrative remedies through this procedure, SCELC contended Cox's suit was premature and should be dismissed on that ground. Further, SCELC argued the doctrine of sovereign immunity barred Cox's unjust enrichment and promissory estoppel claims. It asserted the Tort Claims Act (the TCA)[6] does not include a waiver of sovereign immunity for such equitable claims. Finally, SCELC argued that under section 59-150-230(C)(3),[7] it was prohibited from paying the purported prize money on the Mega Millions tickets at issue because they were unissued, or conversely, produced or issued in error. It asserted this statutory prohibition was also fatal to Cox's breach of contract and implied breach of contract claims because misprinted tickets could not form the basis for these claims.

Intralot argued Cox's complaint should be dismissed because he failed to exhaust his administrative remedies—incorporating by reference SCELC's administrative remedy argument—and failed to state a claim for which relief may be granted against Intralot. Intralot first argued Cox's unjust enrichment claim failed because he failed to plead any facts establishing a contractual relationship with Intralot, either express or implied. Second, it argued Cox's breach of contract and breach of implied contract claims failed for lack of standing when Cox did not allege Intralot was involved in the approval of lottery ticket retailers or the sale of lottery tickets or that he was in privity with Intralot. Third, Intralot argued Cox's promissory estoppel claim failed because he did not allege reliance on a negligent misrepresentation made by Intralot regarding payments for winning lottery tickets. Lastly, Intralot argued Cox's negligence cause of action failed because Cox did not include any factual allegations in his amended complaint demonstrating Intralot owed him a duty of care or establishing a breach of any such duty.

In response to Respondents' motions to dismiss, Cox filed a memorandum only in opposition to SCELC's motion. Cox first argued he was not required to exhaust his administrative remedies because the Act's grievance procedure was not applicable to his claim. He asserted his amended complaint did not allege there was an error in the system that produced the duplicate lottery tickets and therefore, section 59-150-230(C)(3)(a), which prohibits SCELC from paying unissued or erroneously issued lottery tickets, was inapplicable to his claim. Cox avers that because there

[6] S.C. Code Ann. §§ 15-78-10 to -220 (2005 & Supp. 2022).
[7] S.C. Code Ann. § 59-150-230(C)(3)(a) ("A prize must not be paid if it . . . arises from claimed lottery game tickets that are . . . unissued, [or] produced or issued in error . . . .").

was no alleged error, there was no need for him to file a complaint with SCELC or appeal to the SCELC board or the ALC.  In addition, Cox contended SCELC's administrative remedy argument was moot because he initiated an administrative review that was denied by SCELC.  Second, Cox argued sovereign immunity did not bar his equitable claims against SCELC.  He asserted SCELC was not acting in, or serving a discretionary function by running the lottery.  Cox maintained running the lottery was a commercial venture not protected by sovereign immunity under the TCA.  Finally, Cox conceded his claims under SCUTPA should be dismissed.

At the motion hearing,[8] Respondents addressed the arguments raised in their motions to dismiss, while Cox addressed the arguments raised in his memorandum in opposition in addition to raising new arguments.  Cox argued he was not required to exhaust his administrative remedies because the Act used permissive language when addressing the administrative procedures.  In addition, Cox asserted the administrative process would be futile; however, his argument only addressed the related case.  He generally stated, "[O]ut of an abundance of caution, we filed—for all of our clients, we submitted complaints to [SCELC]. . . .  I believe, we have now received formal responses on all of those stating they reject or deny our claim for payment . . . ."  He further argued SCELC was not entitled to claim sovereign immunity under the TCA because the lottery could not be considered "a quintessential government function."  As to Intralot, Cox argued he was in privity with Intralot because lottery players were third-party beneficiaries of SCELC's contract with Intralot.  He conceded his claim against Intralot for promissory estoppel should be dismissed because he could not identify an express promise made by Intralot.

The circuit court granted Respondents' motions to dismiss on the ground Cox failed to exhaust his administrative remedies.  In its order granting SCELC's motion to dismiss, the circuit court determined that under the Act and SCELC regulations, any person aggrieved by an action or decision of SCELC must first file a written complaint with the SCELC executive director.  If the aggrieved person is dissatisfied with the executive director's decision, they could then appeal the decision to the SCELC board and then to the ALC.  The circuit court acknowledged the Act permitted, but did not mandate, an exclusive administrative remedy; however, the court noted our supreme court has required exhaustion when

---

[8] The circuit court held a joint hearing to consider Respondents' motions to dismiss in this case and a related case.  The hearing primarily concerned the parties' arguments in the related case.

there is an adequate administrative remedy even though the statute did not expressly require it.  Further, the circuit court determined Cox failed to allege the exhaustion of the entire administrative process would be futile.  Finally, the circuit court found the requirement to exhaust the entire administrative review process applied to putative classes of claimants.  Because Cox failed to allege he followed the procedures for administrative review or that doing so would be futile, the circuit court dismissed Cox's complaint for failure to exhaust his administrative remedies.  In its order granting Intralot's motion to dismiss, the circuit court restated its findings on whether Cox was required to exhaust his administrative remedies.  Cox did not file a Rule 59(e), SCRCP motion to reconsider.  This appeal followed.

## ISSUE ON APPEAL

Did the circuit court err in granting Respondents' motions to dismiss?

## STADARD OF REVIEW

"Whether administrative remedies must be exhausted is a matter within the [circuit court]'s sound discretion and [its] decision will not be disturbed on appeal absent an abuse thereof."  *Hyde v. S.C. Dep't of Mental Health*, 314 S.C. 207, 208, 442 S.E.2d 582, 582-83 (1994).  "An abuse of discretion occurs where the [circuit court] was controlled by an error of law or where [the circuit court's] order is based on factual conclusions that are without evidentiary support."  *Stanton v. Town of Pawleys Island*, 309 S.C. 126, 128, 420 S.E.2d 502, 503 (1992) (quoting *Coleman v. Dunlap*, 306 S.C. 491, 495, 413 S.E.2d 15, 17 (1992)).

## LAW AND ANALYSIS

Cox first argues his claims for breach of contract, unjust enrichment, promissory estoppel, and negligence were not subject to the requirement of exhaustion of administrative remedies.  Specifically, he asserts there is no administrative exhaustion requirement for tort claims brought against a third-party and therefore, the requirement did not apply to his claims against Intralot.  Further, Cox contends his claims were not based on a statutory violation that mandated the pursuit of an administrative remedy.  Lastly, Cox asserts the SCELC board had not notified him of a decision prior to the filing of the amended complaint and therefore, the administrative procedure did not apply to him.

We find these exhaustion arguments are not preserved for appellate review. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review."); *see also I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) ("[T]he losing party generally must both present his issues and arguments to the lower court and obtain a ruling before an appellate court will review those issues and arguments."). Cox did not raise these arguments in his memorandum in opposition to SCELC's motion to dismiss or at the motion hearing and he failed to file a Rule 59(e) motion to alter or amend. *See Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 55 (Ct. App. 2006) ("[W]hen an appellant neither raises an issue at trial nor through a Rule 59(e), SCRCP, motion, the issue is not preserved for appellate review."); *Ness v. Eckerd Corp.*, 350 S.C. 399, 403-04, 566 S.E.2d 193, 196 (Ct. App. 2002) ("If a [circuit court] grants 'relief not previously contemplated or presented to the [circuit] court, the aggrieved party must move, pursuant to Rule 59(e), SCRCP, to alter or amend the judgment in order to preserve the issue for appeal.'" (quoting *In re Est. of Timmerman*, 331 S.C. 455, 460, 502 S.E.2d 920, 923 (Ct. App. 1998))); *see also I'On, L.L.C.*, 338 S.C. at 422, 526 S.E.2d at 724 (holding that imposing preservation requirements on an appellant "prevents a party from keeping an ace card up his sleeve—intentionally or by chance—in the hope that an appellate court will accept that ace card and, via a reversal, give him another opportunity to prove his case"). Accordingly, we find these arguments are unpreserved.

Next, Cox argues the Act's grievance procedure was inapplicable to his claims because he did not allege his lottery tickets were erroneously issued. Cox contends the prohibition under section 59-150-230(C)(3)(a) preventing SCELC from paying winnings on tickets unissued or erroneously issued was inapplicable, or in the alternative, presented a question of fact. We disagree.

"[T]he doctrine of exhaustion of administrative remedies is generally considered a rule of policy, convenience and discretion, rather than one of law, and is not jurisdictional." *Storm M.H. ex rel. McSwain v. Charleston Cnty. Bd. of Trs*, 400 S.C. 478, 487, 735 S.E.2d 492, 497 (2012) (quoting *Ward v. State*, 343 S.C. 14, 17 n.5, 538 S.E.2d 245, 246 n.5 (2000)). "[T]he failure to exhaust administrative remedies goes to the prematurity of a case, not subject matter jurisdiction." *Id.* (quoting *Ward*, 343 S.C. at 17 n.5, 538 S.E.2d at 246 n.5).

> Exhaustion is generally required as a matter of
> preventing premature interference with agency processes,

so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

*Video Gaming Consultants, Inc. v. S.C. Dep't of Revenue*, 342 S.C. 34, 38, 535 S.E.2d 642, 644 (2000). "Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts." *Hyde*, 314 S.C. at 208, 442 S.E.2d at 583. "[The circuit court] must have a sound basis for excusing the failure to exhaust administrative relief." *Id.* at 209, 442 S.E.2d at 583.

We hold the circuit court did not abuse its discretion in finding Cox was required to exhaust his administrative remedies under the Act and SCELC regulations. Initially, Cox did not argue to the circuit court that the administrative process under the Act and SCELC regulations was not applicable to claims concerning the determination of whether a prize should be paid on a lottery ticket. Thus, we find this argument is not preserved. *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review."). Instead, Cox argued the administrative process was only applicable to tickets that were alleged to have been produced or issued in *error*. We conclude Cox's argument misconstrues the Act.

The Act and SCELC regulations provide an administrative remedy to determine whether a prize should be paid on a lottery ticket. *See Hyde*, 314 S.C. at 208, 442 S.E.2d at 583 ("Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts."). Section 59-150-230(C) provides, "[SCELC] shall promulgate regulations and adopt policies and procedures to establish a system of verifying the validity of lottery games tickets or shares claimed to win prizes and to effect payment of prizes." Regulations 44-70(E)-(F) (2011) of the South Carolina Code of Regulations state the SCELC executive director may deny awarding a prize to a claimant if the ticket was issued or produced in error and the executive director's decision is subject to an appeal to SCELC. Section 59-150-300(A) provides that any "lottery game ticket holder aggrieved by an action of the [SCELC] board may appeal that decision to the [ALC]." A final decision of the ALC involving SCELC must be appealed to the circuit court. *See* S.C. Code Ann. § 59-150-300(D). Although section 59-150-230(C)(3)(a)

provides, "A prize must not be paid if it . . . arises from claimed lottery game tickets that are . . . unissued, [or] produced or issued in error," we find the administrative procedure was applicable to all claims concerning the payment of a prize on a lottery ticket regardless of whether *the claimant alleged* there was an error.  The determination of whether the ticket was issued or printed in error was a factual determination to be made by SCELC through the administrative process.  Furthermore, we reject Cox's assertion that the circuit court accepted Respondents' claim the lottery tickets were printed in error in determining Cox was required to exhaust his administrative remedies.  Accordingly, we hold the circuit court did not abuse its discretion in finding Cox was required to exhaust his administrative remedies under the Act and SCELC regulations.  *See Kiawah Dev. Partners, II v. S.C. Dep't of Health & Env't Control*, 411 S.C. 16, 32, 766 S.E.2d 707, 717 (2014) (holding if "the language of a statute or regulation directly speaks to the issue. . . . the court must utilize the clear meaning of the statute or regulation").

Cox further argues an administrative review of his claims would be futile because SCELC refused to offer any relief to him and the SCELC board's decision "was certain to be unfavorable."  Similarly, Cox argues Respondents' administrative remedy argument is moot because SCELC denied his claims for payment and was a matter of statutory construction.[9]  We disagree.

"South Carolina, like most jurisdictions, recognizes exceptions to the exhaustion of administrative remedies requirement.  The general rule is that administrative remedies must be exhausted absent circumstances supporting an exception to application of the general rule."  *Brown v. James*, 389 S.C. 41, 54, 697 S.E.2d 604, 611 (Ct. App. 2010).  "Futility, however, must be demonstrated by a showing comparable to the administrative agency taking 'a hard and fast position that makes an adverse ruling a certainty.'"  *Id. (*quoting *Law v. S.C. Dep't of Corr.*, 368 S.C. 424, 438, 629 S.E.2d 642, 650 (2006)); *see also Stanton*, 309 S.C. at 128, 420 S.E.2d at 503 (holding the party seeking to avoid the exhaustion requirement has the burden of showing "that as a matter of law, he was not required to exhaust administrative remedies or that the [circuit court]'s ruling was based upon facts for which there is no evidentiary support").

---

[9] Cox does not explain what aspect of Respondents' administrative remedy argument raises a question of statutory construction.  We construe his argument to refer to the issue of whether the Act's grievance procedure was inapplicable to his claims because he did not allege his lottery tickets were erroneously issued.

We hold the circuit court did not abuse its discretion in finding Cox's failure to exhaust his administrative remedies was not excused by the futility exception. Cox failed to provide any evidence showing SCELC had made *any* decision on his claim, much less a "hard and fast decision." The record does not contain evidence of any decision made by SCELC and it is unclear from the hearing transcript whether Cox's assertion at the motion hearing regarding SCELC's formal response denying a claim pertained to this case. Thus, Cox failed to satisfy his burden to show the futility exception applied. Accordingly, we hold the circuit court did not abuse its discretion in finding Cox's failure to exhaust his administrative remedies was not excused by the futility exception.

As to Cox's mootness argument regarding statutory construction, we find this issue is not preserved for appellate review because it was not raised to or ruled upon by the circuit court. *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review."); *see also I'On, L.L.C.*, 338 S.C. at 422, 526 S.E.2d at 724 ("[T]he losing party generally must both present his issues and arguments to the lower court and obtain a ruling before an appellate court will review those issues and arguments.").

Lastly, Cox argues he should be excused from exhausting his administrative remedies because class actions are not permitted in the ALC. We find this issue is not preserved for appellate review. *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review."); *see also I'On, L.L.C.*, 338 S.C. at 422, 526 S.E.2d at 724 ("[T]he losing party generally must both present his issues and arguments to the lower court and obtain a ruling before an appellate court will review those issues and arguments."). Although the circuit court found in its orders of dismissal that the requirement to exhaust the entire administrative review process applied to putative classes of claimants, Cox did not raise this argument in his memorandum in opposition to SCELC's motion to dismiss or at the motion hearing and he failed to file a Rule 59(e) motion to alter or amend. *See Doe*, 370 S.C. at 212, 634 S.E.2d at 55 ("[W]hen an appellant neither raises an issue at trial nor through a Rule 59(e), SCRCP, motion, the issue is not preserved for appellate review."); *Ness*, 350 S.C. at 403-04, 566 S.E.2d at 196 ("If a [circuit court] grants 'relief not previously contemplated or presented to the [circuit] court, the aggrieved party must move, pursuant to Rule 59(e), SCRCP, to alter or amend the judgment in order to preserve the issue for appeal.'" (quoting *In re Est. of Timmerman*, 331 S.C. at 460, 502 S.E.2d at 923)); *see also I'On, L.L.C.*, 338 S.C. at 422, 526 S.E.2d at 724

(holding that imposing preservation requirements on an appellant "prevents a party from keeping an ace card up his sleeve—intentionally or by chance—in the hope that an appellate court will accept that ace card and, via a reversal, give him another opportunity to prove his case").  Accordingly, we find this argument is unpreserved.

**CONCLUSION**

Based on the foregoing, the circuit court's orders granting SCELC's and Intralot's motions to dismiss are

**AFFIRMED.**

**HEWITT, J., and LOCKEMY, A.J., concur.**