# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Jamaine Holman, Victoria Lewis, Melanie Baker, Christopher Shipman, Robert Weaver, Vonetta Wilson, Francesca Worley, Brittany Johnson, Shirley Pearson, Robert Weaver, Gostonia Pearson, Rodney Leachman, Cassandra Pugh, and Krystal Bostinto, on behalf of themselves and all others similarly situated, Appellants,

v.

South Carolina Education Lottery Commission d/b/a South Carolina Education Lottery, and Intralot, Inc., Respondents.

Appellate Case No. 2019-000502

―――――――――

Appeal From Sumter County
Kristi F. Curtis, Circuit Court Judge

―――――――――

Opinion No. 6013
Heard November 9, 2022 – Filed August 9, 2023

―――――――――

**AFFIRMED**

―――――――――

Joseph Clay Hopkins, of Charleston, for Appellants.

William Stevens Brown, V, and Miles Edward Coleman, both of Nelson Mullins Riley & Scarborough, LLP, of Greenville, for Respondent South Carolina Education Lottery Commission.

Joseph Preston Strom and Bakari T. Sellers, both of Strom Law Firm, LLC, of Columbia; and Mario Anthony

Pacella, of Strom Law Firm, LLC, of Brunswick, Georgia, all for Respondent Intralot, Inc.

---

**VINSON, J.:**  Appellants, on behalf of themselves and all others similarly situated, appeal the circuit court's orders granting the South Carolina Education Lottery Commission's (SCELC's) and Intralot, Inc.'s[1] (Intralot's; collectively, Respondents') motions to alter or amend and motions to dismiss for failure to exhaust administrative remedies.  We affirm.

## FACTS AND PROCEDURAL HISTORY

Appellants filed a summons and putative class action complaint in February 2018 and an amended class action complaint in May 2018, alleging they were not issued cash prizes on a $1 "terminal-generated instant game" (the Holiday Game).  The Holiday Game awarded a cash prize if a ticket contained three Christmas tree symbols in any vertical, horizontal, or diagonal line.  Appellants alleged SCELC suspended the Holiday Game on Christmas Day 2017 after receiving reports of multiple winners.  Players who tried to redeem their winning tickets received a slip stating "transaction not allowed."  SCELC asked players with winning tickets to "have patience" and refused to pay prizes.  Appellants further alleged "many players who purchased tickets on Christmas Day did not receive a winning ticket."  Appellants estimated the purported class included at least 100,000 individuals who had incurred at least $100 in damages as a result of Respondents' alleged misconduct.[2]  The amended complaint raised the following four causes of action against Respondents: unjust enrichment, breach of contract and breach of implied contract, promissory estoppel, and violation of the South Carolina Unfair Trade Practices Act[3] (SCUTPA).  Under Appellants' causes of action for unjust enrichment and promissory estoppel, they sought damages for the purchase of winning tickets.  The amended complaint also raised a cause of action for negligence and gross negligence against Intralot, although Appellants noted they specifically denied there was a printing error on the tickets.

---

[1] Intralot is a private company that provided administrative and technical services to SCELC.

[2] It is unclear from the record on appeal whether the circuit court certified the class.

[3] S.C. Code Ann. §§ 39-5-10 to -730 (2023).

In April 2018, Respondents filed motions to dismiss Appellants' complaint pursuant to Rule 12(b)(6) of the South Carolina Rules of Civil Procedure.[4]  In SCELC's motion to dismiss, it included information available online regarding the particulars of the Holiday Game and press releases from SCELC addressing a programming error that allegedly caused the issuance of invalid winning tickets, including a press release stating SCELC was conducting an independent review. SCELC argued, inter alia, the circuit court lacked jurisdiction over Appellants' claims because they failed to exhaust their administrative remedies, some or all of Appellants' claims were barred by the doctrine of sovereign immunity, Appellants' claims were not ripe for judicial disposition, and the amended complaint failed to assert a cause of action upon which relief could be granted.  Specifically, SCELC argued the South Carolina Education Lottery Act (the Act)[5] and SCELC regulations required any lottery player aggrieved by an action or decision of SCELC to first file a formal written complaint with SCELC's executive director.  A player wishing to challenge the executive director's decision must appeal to the SCELC board and may appeal the board's decision to the administrative law court (the ALC).  SCELC asserted that an appeal to the ALC may not be brought on behalf of a class.  Accordingly, because Appellants failed to allege they had exhausted their administrative remedies through this procedure, SCELC contended the suit was premature and should be dismissed on that ground.  Next, SCELC argued Appellants' suit was not ripe because it had not yet decided whether to pay prizes on the winning Holiday Game tickets issued on Christmas Day.   Further, SCELC argued the doctrine of sovereign immunity barred Appellants' unjust enrichment and promissory estoppel claims.  It asserted the Tort Claims Act (the TCA)[6] did not include a waiver of sovereign immunity for such equitable claims. Lastly, SCELC stated in a footnote that under section 59-150-230(C)(3),[7] it might have been prohibited from paying the Holiday Game tickets at issue pending the independent investigation.

Intralot argued Appellants' complaint should be dismissed because they failed to exhaust their administrative remedies and failed to state a claim for which relief may be granted.  Specifically, Intralot argued Appellants failed to

[4] SCELC also moved to dismiss Appellants' complaint pursuant to subsections (1) and (3) of Rule 12(b), SCRCP.
[5] S.C. Code Ann. §§ 59-150-10 to -410 (2020 & Supp. 2022).
[6] S.C. Code Ann. §§ 15-78-10 to -220 (2005 & Supp. 2022).
[7] S.C. Code Ann. § 59-150-230(C)(3)(a) ("A prize must not be paid if it . . . arises from claimed lottery game tickets that are . . . unissued, [or] produced or issued in error . . . .").

exhaust their administrative remedies under the Act and SCELC regulations and failed to plead the administrative process would be futile.  Second, Intralot argued Appellants' unjust enrichment claim failed because the amended complaint failed to allege any facts showing Intralot received payment from Appellants or establishing a contractual relationship with Intralot, either express or implied.  Third, it argued Appellants' breach of contract and breach of implied contract claims failed for lack of standing when Appellants did not allege Intralot was involved in the approval of lottery ticket retailers, the sale of lottery tickets, or that they were in privity with Intralot.  Furthermore, Intralot asserted Appellants failed to allege any facts establishing they were third-party beneficiaries of the contract between it and SCELC.  Fourth, Intralot argued Appellants' promissory estoppel claim failed because they failed to allege a negligent misrepresentation regarding payments for winning lottery tickets made by Intralot on which Appellants relied.  Lastly, Intralot argued Appellants' negligence cause of action failed because they did not include any factual allegations in the amended complaint demonstrating Intralot owed Appellants a duty of care.  Intralot filed an answer in February 2019; however, SCELC did not.

In response to Respondents' motions to dismiss, Appellants filed a memorandum in opposition to only SCELC's motion.  Appellants included an argument in a footnote asserting SCELC's motion to dismiss contained "an absurdly enormous amount of facts" that were not set forth in the amended complaint and therefore should not be considered by the circuit court.  However, Appellants included in their statement of facts that SCELC engaged a company to conduct an audit that determined the winning tickets were issued erroneously.  As to SCELC's argued grounds for dismissal, Appellants first argued they were not required to exhaust their administrative remedies because the Act's grievance procedure was inapplicable to their claims.  They asserted their amended complaint did not allege there was an error in the system that produced the winning lottery tickets and therefore, section 59-150-230(C)(3)(a), which prohibits SCELC from paying unissued or erroneously issued lottery tickets, was inapplicable to their claims.  Appellants aver that because there was no alleged error, there was no need for them to file a complaint with SCELC or appeal to the SCELC board or the ALC.  In addition, Appellants contended SCELC's administrative remedy argument was moot because they initiated an administrative review that SCELC denied, determining it would limit relief to the issuance of a refund of the ticket price.  Second, Appellants argued sovereign immunity did not bar their equitable claims against SCELC.  They asserted SCELC was not acting in or serving a discretionary function by running the lottery.  Appellants maintained running the lottery was a

commercial venture not protected by sovereign immunity under the TCA. Finally, Appellants conceded their claims under SCUTPA should be dismissed.

At the motion hearing,[8] Respondents addressed the arguments raised in their motions to dismiss. SCELC stated that "a group of the [Appellants]" submitted administrative complaints to SCLEC and an initial decision to deny the complaints had been made. It later noted this group of Appellants failed to submit any information to SCELC as part of their complaints. Intralot stated that after investigation and audit, SCELC determined the Holiday Game tickets at issue had been produced or issued in error.

In addition to addressing the arguments raised in their memorandum in opposition, Appellants raised several new arguments at the hearing. Appellants first argued they were not required to exhaust their administrative remedies because the Act used permissive language when addressing the administrative procedures. Appellants further argued exhausting their administrative remedies would be futile when they had submitted initial complaints to SCELC that were denied. They then reiterated SCELC was not entitled to claim sovereign immunity under the TCA because the lottery could not be considered "a quintessential government function." As to Intralot, Appellants argued they were in privity with Intralot because lottery players were third-party beneficiaries of SCELC's contract with Intralot. They conceded their claim against Intralot for promissory estoppel should be dismissed because they could not identify an express promise made by Intralot.

The circuit court denied Respondents' motions to dismiss. In its order denying SCELC's motion to dismiss, the circuit court held Appellants' exhaustion of their administrative remedies would be futile because SCELC had taken a "hard and fast" position on Appellants' claims. The circuit court found that subsequent to Appellants filing suit, SCELC issued a press release stating that after conducting an independent investigation, it would not pay the prize on the winning Holiday Game tickets because they were produced or issued in error. The circuit court noted that both Appellants and Respondents referred to matters outside of the pleadings in their memoranda. It further found exhaustion of administrative remedies would be futile when there were at least 100,000 people aggrieved by SCELC's misconduct and included a citation that stood for the proposition that plaintiffs in a class action need not exhaust administrative remedies when the administrative remedies do not provide for class relief. The circuit court also held

---

[8] The circuit court held a joint hearing to consider Respondents' motions to dismiss in this case and a related case.

SCELC's claim of sovereign immunity raised questions of fact that could not be resolved by reference to the pleadings alone.

In its order denying Intralot's motion to dismiss, the circuit court repeated its holding as to exhaustion of administrative remedies set forth in its order denying SCELC's motion to dismiss. The circuit court further found Appellants were not required to exhaust their administrative remedies as to Intralot because tort and implied contract actions were not statutory violations for which the legislature had provided an administrative remedy. The circuit court also held Appellants alleged sufficient facts to support their cause of action for unjust enrichment and dismissal of their causes of action for breach of contract and negligence was not appropriate at the Rule 12(b)(6), SCRCP stage.

Respondents filed motions to reconsider, alter, or amend pursuant to Rule 59(e), SCRCP. SCELC attached several exhibits to its motion, including Appellants' initiation of grievance procedures with SCELC dated May 25, 2018[9]; a report created by an independent forensic consulting firm concluding the Holiday Game tickets were issued or produced in error; a letter from SCELC to Appellants notifying them of the SCELC board's decision and advising them of three options to pursue; and a letter from SCELC to Appellants advising them they could seek review of SCELC's decision to the ALC. SCELC argued the circuit court erred in finding Appellants' exhaustion of administrative remedies would be futile. It argued Appellants could not circumvent the administrative process by merely alleging a putative class action. SCELC further argued Appellants failed to show exhaustion of the entire administrative process would be futile.

Intralot argued the circuit court erred in finding Appellants' exhaustion of administrative remedies would be futile. It asserted Appellants failed to show exhaustion of the entire administrative process would be futile. Further, Intralot asserted Appellants were not precluded from exhausting their administrative remedies because they were pursuing a class action and none of the class members had exhausted their administrative remedies.

The circuit court granted Respondents' Rule 59(e) motions on the ground Appellants failed to exhaust their administrative remedies. In its order granting SCELC's motion to dismiss, the circuit court referenced SCELC's exhibits in its recitation of the facts. The circuit court determined the Act permitted, but did not

---

[9] Appellants initiated their grievance procedure subsequent to Respondents' filing of their motions to dismiss.

mandate, an exclusive administrative remedy; however, the court noted our supreme court has required exhaustion when there is an adequate administrative remedy even though the statute did not expressly require it. Further, the circuit court determined Appellants failed to allege the exhaustion of the entire administrative process would be futile by relying on the press release Appellants included in their memorandum in opposition to SCELC's motion to dismiss. Finally, the circuit court found the requirement to exhaust the entire administrative review process applied to putative classes of claimants. Concluding Appellants failed to allege they followed the procedures for administrative review or that doing so would be futile because the ALC would not analyze the matter impartially and fairly, the circuit court dismissed Appellants' amended complaint for failure to exhaust administrative remedies. In its order granting Intralot's motion to dismiss, the circuit court restated its findings on whether Appellants were required to exhaust their administrative remedies. Appellants did not file a Rule 59(e) motion to alter or amend. This appeal followed.

## ISSUE ON APPEAL

Did the circuit court err in granting Respondents' Rule 59(e) motions to alter or amend and motions to dismiss?

## STANDARD OF REVIEW

"Whether administrative remedies must be exhausted is a matter within the [circuit court]'s sound discretion and [its] decision will not be disturbed on appeal absent an abuse thereof." *Hyde v. S.C. Dep't of Mental Health*, 314 S.C. 207, 208, 442 S.E.2d 582, 582-83 (1994). "An abuse of discretion occurs where the [circuit court] was controlled by an error of law or where [the circuit court's] order is based on factual conclusions that are without evidentiary support." *Stanton v. Town of Pawleys Island*, 309 S.C. 126, 128, 420 S.E.2d 502, 503 (1992) (quoting *Coleman v. Dunlap*, 306 S.C. 491, 495, 413 S.E.2d 15, 17 (1992)).

## LAW AND ANALYSIS

Appellants first argue the circuit court erred in relying on facts not contained in the pleadings in ruling upon Respondents' motions to dismiss. They assert the exhibits attached to SCELC's motion to reconsider, alter, or amend were new evidence and the circuit court converted Respondent's Rule 12(b)(6) motions to summary judgment motions by considering these materials.

We find this procedural argument is not preserved for appellate review. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review."); *see also I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) ("[T]he losing party generally must both present his issues and arguments to the lower court and obtain a ruling before an appellate court will review those issues and arguments."). Appellants never raised this argument to the circuit court in a response to Respondents' motions to reconsider, alter, or amend and they failed to file a Rule 59(e) motion in response to the circuit court's orders granting Respondents' motions. *See Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 55 (Ct. App. 2006) ("[W]hen an appellant neither raises an issue at trial nor through a Rule 59(e), SCRCP, motion, the issue is not preserved for appellate review."); *see also I'On, L.L.C.*, 338 S.C. at 422, 526 S.E.2d at 724 (holding that imposing preservation requirements on an appellant "prevents a party from keeping an ace card up his sleeve—intentionally or by chance—in the hope that an appellate court will accept that ace card and, via a reversal, give him another opportunity to prove his case"). Accordingly, we find this argument is not preserved.

Second, Appellants argue their claims for breach of contract, unjust enrichment, promissory estoppel and negligence were not subject to the requirement of exhaustion of administrative remedies. Specifically, they assert there is no administrative exhaustion requirement for claims brought against a third-party and therefore, the requirement did not apply to their claims against Intralot. Further, Appellants contend their claims were not based on a statutory violation that mandated the pursuit of an administrative remedy. Appellants additionally assert the SCELC board had not notified them of a decision prior to the filing of the amended complaint and therefore, the administrative procedure did not apply to them.

We find these exhaustion arguments are not preserved for appellate review. *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review."); *see also I'On, L.L.C.*, 338 S.C. at 422, 526 S.E.2d at 724 ("[T]he losing party generally must both present his issues and arguments to the lower court and obtain a ruling before an appellate court will review those issues and arguments."). In its order denying Intralot's motion to dismiss, the circuit court found Appellants were not required to exhaust their administrative remedies as to Intralot as a third-party because tort and

implied contract actions were not statutory violations for which the legislature had provided an administrative remedy. However, Appellants never raised these arguments in their memorandum in opposition to SCELC's motion to dismiss or at the motion hearing. Appellants subsequently failed to file a Rule 59(e) motion to alter or amend the circuit court's order granting Intralot's motion to dismiss, which did not address exhaustion requirements as they related to third-party tort and implied contract actions. *See Doe*, 370 S.C. at 212, 634 S.E.2d at 55 ("[W]hen an appellant neither raises an issue at trial nor through a Rule 59(e), SCRCP, motion, the issue is not preserved for appellate review."); *Ness v. Eckerd Corp.*, 350 S.C. 399, 403-04, 566 S.E.2d 193, 196 (Ct. App. 2002) ("If a [circuit court] grants 'relief not previously contemplated or presented to the [circuit] court, the aggrieved party must move, pursuant to Rule 59(e), SCRCP, to alter or amend the judgment in order to preserve the issue for appeal.'" (quoting *In re Est. of Timmerman*, 331 S.C. 455, 460, 502 S.E.2d 920, 923 (Ct. App. 1998))); *see also I'On, L.L.C.*, 338 S.C. at 422, 526 S.E.2d at 724 (holding that imposing preservation requirements on an appellant "prevents a party from keeping an ace card up his sleeve—intentionally or by chance—in the hope that an appellate court will accept that ace card and, via a reversal, give him another opportunity to prove his case"). Further, Appellants' argument that they were not subject to the exhaustion requirements because the SCELC board had not issued an opinion was neither raised to nor ruled upon by the circuit court. Accordingly, we find these arguments are not preserved.

Next, Appellants argue the Act's grievance procedure did not apply to their claims because they did not allege the lottery tickets were erroneously issued. Appellants contend the prohibition under section 59-150-230(C)(3)(a) preventing SCELC from paying winnings on tickets unissued or erroneously issued did not apply, or in the alternative, presented a question of fact. We disagree.

"[T]he doctrine of exhaustion of administrative remedies is generally considered a rule of policy, convenience and discretion, rather than one of law, and is not jurisdictional." *Storm M.H. ex rel. McSwain v. Charleston Cnty. Bd. of Trs*, 400 S.C. 478, 487, 735 S.E.2d 492, 497 (2012) (quoting *Ward v. State*, 343 S.C. 14, 17 n.5, 538 S.E.2d 245, 246 n.5 (2000)). "[T]he failure to exhaust administrative remedies goes to the prematurity of a case, not subject matter jurisdiction." *Id.* (quoting *Ward*, 343 S.C. at 17 n.5, 538 S.E.2d at 246 n.5).

> Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it

may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

*Video Gaming Consultants, Inc. v. S.C. Dep't of Revenue*, 342 S.C. 34, 38, 535 S.E.2d 642, 644 (2000). "Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts." *Hyde*, 314 S.C. at 208, 442 S.E.2d at 583. In *Hyde*, our supreme court found the circuit court abused its discretion "in finding as a matter of law that [plaintiff] did not have to exhaust administrative remedies simply because the . . . [s]tatute d[id] not expressly require it." *Id.* at 209, 442 S.E.2d at 583. The court held, "[The circuit court] must have a sound basis for excusing the failure to exhaust administrative relief." *Id.*

We hold the circuit court did not abuse its discretion in finding Appellants were required to exhaust their administrative remedies under the Act and SCELC regulations. Initially, Appellants did not argue to the circuit court that the administrative process under the Act and SCELC regulations was not applicable to claims concerning the determination of whether a prize should be paid on a lottery ticket. *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733. ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review."). Instead, Appellants argued the administrative process was only applicable to tickets that were alleged to have been produced or issued in *error*. We conclude Appellants' argument misconstrues the Act.

The Act and SCELC regulations provide an administrative remedy to determine whether a prize should be paid on a lottery ticket. *See Hyde*, 314 S.C. at 208, 442 S.E.2d at 583 ("Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts."). Section 59-150-230(C) provides, "[SCELC] shall promulgate regulations and adopt policies and procedures to establish a system of verifying the validity of lottery games tickets or shares claimed to win prizes and to effect payment of prizes." Regulations 44-70(E)-(F) of the South Carolina Code of Regulations (2011) state the SCELC executive director may deny awarding a prize to a claimant if the ticket was issued or produced in error and the executive director's decision is subject to an appeal to SCELC. Section 59-150-300(A) provides that any "lottery game ticket holder aggrieved by an action of the [SCELC] board may appeal that decision to the [ALC]." A final decision of the

ALC involving SCELC must be appealed to the circuit court. *See* S.C. Code Ann. § 59-150-300(D). Although section 59-150-230(C)(3)(a) provides, "A prize must not be paid if it . . . arises from claimed lottery game tickets that are . . . unissued, [or] produced or issued in error," we find the administrative procedure applied to all claims concerning the payment of a prize on a lottery ticket regardless of whether *the claimant alleged* there was an error. The determination of whether the ticket was issued or printed in error was a factual determination to be made by SCELC through the administrative process. Furthermore, we reject Appellants' assertion that the circuit court accepted Respondents' claim the lottery tickets were printed in error in determining Appellants were required to exhaust their administrative remedies. Accordingly, we hold the circuit court did not abuse its discretion in finding Appellants were required to exhaust their administrative remedies under the Act and SCELC regulations. *See Kiawah Dev. Partners, II v. S.C. Dep't of Health & Env't Control*, 411 S.C. 16, 32, 766 S.E.2d 707, 717 (2014) (holding if "the language of a statute or regulation directly speaks to the issue. . . . the court must utilize the clear meaning of the statute or regulation").

Appellants further argue an administrative review of their claims would be futile because SCELC refused to offer any relief to them and the SCELC board's decision "was certain to be unfavorable." Similarly, Appellants argue Respondents' administrative remedy argument is moot because SCELC denied their claims for payment and was a matter of statutory construction.[10] We disagree.

"South Carolina, like most jurisdictions, recognizes exceptions to the exhaustion of administrative remedies requirement. The general rule is that administrative remedies must be exhausted absent circumstances supporting an exception to application of the general rule." *Brown v. James*, 389 S.C. 41, 54, 697 S.E.2d 604, 611 (Ct. App. 2010). "Futility, however, must be demonstrated by a showing comparable to the administrative agency taking 'a hard and fast position that makes an adverse ruling a certainty.'" *Id.* (quoting *Law v. S.C. Dep't of Corr.*, 368 S.C. 424, 438, 629 S.E.2d 642, 650 (2006)); *see also Stanton*, 309 S.C. at 128, 420 S.E.2d at 503 (holding the party seeking to avoid the exhaustion requirement has the burden of showing "that as a matter of law, he was not required to exhaust

---

[10] Appellants do not explain what aspect of Respondents' administrative remedy argument raises a question of statutory construction. We construe this argument to refer to the issue of whether the Act's grievance procedure was inapplicable to their claims because they did not allege their lottery tickets were erroneously issued.

administrative remedies or that the [circuit court]'s ruling was based upon facts for which there is no evidentiary support").

We hold the circuit court did not abuse its discretion in finding Appellants' failure to exhaust their administrative remedies was not excused by the futility exception. Appellants' futility argument relies on SCELC's initial denial of their complaint and the press release stating relief would be limited to the purchase price of the Holiday Game tickets. We find this evidence fails to show SCELC had made a final decision or took a "hard and fast position" on their claims. *See Brown*, 389 S.C. at 54, 697 S.E.2d at 611 ("Futility, however, must be demonstrated by a showing comparable to the administrative agency taking 'a hard and fast position that makes an adverse ruling a certainty.'" (quoting *Law*, 368 S.C. at 438, 629 S.E.2d at 650)). As to Appellants' mootness argument regarding statutory construction, we find this issue is not preserved for appellate review. *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review."); *see also I'On, L.L.C.*, 338 S.C. at 422, 526 S.E.2d at 724 ("[T]he losing party generally must both present his issues and arguments to the lower court and obtain a ruling before an appellate court will review those issues and arguments."). Accordingly, we hold the circuit court did not abuse its discretion in finding Appellants' failure to exhaust their administrative remedies was not excused by the futility exception.

Lastly, Appellants argue they should be excused from exhausting their administrative remedies because class actions are not permitted in the ALC.[11] We disagree.

We hold Appellants were not relieved of the requirement to exhaust their administrative remedies merely because they asserted putative class action claims. Rule 23, SCRCP, which relates to class actions, does not apply to appeals before the ALC. *See Allen v. S.C. Pub. Emp. Benefit Auth.*, 411 S.C. 611, 621, 769 S.E.2d 666, 672 (2015). However, we find this does not preclude Appellants from exhausting their administrative remedies when, as we discussed, an administrative remedy under the Act is available to them. Similarly, in *Brackenbrook North Charleston, LP v. County of Charleston*,[12] our supreme court held a group of tax

---

[11] The issue of whether Appellants' argument is preserved for appellate review was raised during oral argument; however, we decline to address the issue of preservation.

[12] 360 S.C. 390, 602 S.E.2d 39 (2004).

payers that brought a putative class action seeking refunds of real property taxes from Charleston County were required to exhaust their administrative remedies prior to bringing their action directly in circuit court when the taxpayers had an administrative remedy available to them.  Although the statute at issue in *Brackenbrook* included a specific provision mandating that the circuit court must dismiss an action if a taxpayer brings a circuit court action when she should have pursued administrative remedies, we believe the holdings in *Video Gaming Consultants, Inc.* and *Hyde* prevent Appellants from evading the exhaustion requirement even though the Act does not contain a similar statutory provision. *See id.* at 396, 602 S.E.2d at 43.  Moreover, Appellants assertion that there are tens of thousands of potential plaintiffs is speculative.  Based on the foregoing, we hold the circuit court did not err in granting Respondents' motions to dismiss because Appellants were not relieved of the requirement to exhaust their administrative remedies merely because they asserted putative class action claims.

**CONCLUSION**

Based on the foregoing, the circuit court's orders granting SCELC's and Intralot's motions to dismiss are

**AFFIRMED.**

**HEWITT, J., and LOCKEMY, A.J., concur.**